

RECEIVED
CLERK, U.S. DISTRICT COURT

APR 29 2024

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION    BY DEPUTY

No. ___

FILED
CLERK, U.S. DISTRICT COURT

**04/29/2024**

CENTRAL DISTRICT OF CALIFORNIA
BY: ___ AP ___ DEPUTY

# IN THE UNITED STATES DISTRICT COURT FOR THE NINTH CIRCUIT

FEE DUE

AUDLEY G. EVANS II,

*Plaintiff-Petitioner,*

v.

THE UNITED STATES OF AMERICA

*Defendant-Respondent.*

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAY 06 2024

FILED
DOCKETED

DATE

INITIAL

5:24-cv-00959-FLA(SK)

## PETITIONER'S OPENING BRIEF

## 28 U.S.C. § 2241 - HABEAS CORPUS, MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582 (c)(l)(A)(i)

Audley G. Evans II
#99482-555
FC 1 Victorville
P.O. Box 3725
Adelanto, CA 92301
*Pro Se Petitioner*

**COMES NOW**, Petitioner Audley G. Evans II and moves this Honorable Court for consideration of a compassionate release pursuant to 18 U.S.C. § 3582 (c)(l)(A)(i) based on post sentencing rehabilitation efforts and recent updates to law regarding youthful offenders and culpability.

## INTRODUCTION

The Petitioner, now thirty-eight (38) years of age, was first incarcerated at the tender age of nineteen years after pleading guilty for participating in the murder of a fellow servicemember out of the fear that the deceased servicemember would reveal his criminal conduct to law enforcement. Prior to trial, the Petitioner accepted a pretrial agreement ("PTA") with the government. The agreement provided, in part, that the Petitioner would plead guilty to offenses as alleged and in exchange, the Convening Authority (CA) would suspend any confinement for life without the possibility of parole until he was discharged from the United States Navy. The pretrial agreement further restricted the Petitioner's right to seek clemency or parole for a period of 40 years from the date of trial. After pleading guilty, the Petitioner was sentenced to a term of imprisonment for life without parole, reduction to the grade of E-1, forfeiture of all pay and allowances, and a Dishonorable Discharge with no fines or restitutions.

After affirming his sentence, on March 29, 2007, the Navy Marine Corps Court of Criminal Appeals (NMCCA) reduced the Petitioner's sentence to life with

parole eligibility after 20 years and clemency after 10 years of incarceration because it found the provision of the PTA that restricted the Petitioner's ability to seek parole and clemency consideration. Thereafter, on June 29, 2007, the Petitioner's suspended sentence was vacated for a material breach of the agreement based on an alleged bribe to a Brig Guard in March 2006, prior to the previous appeal.

In the instant case before the court, Mr. Evans has been a model inmate during his time of incarceration and has continued to invest in rehabilitating other inmates as well. At the time of his sentencing, the Petitioner suffered from alcohol dependency. In 2018, the First Step Act was passed by Congress to address the treatment of youth offenders in our criminal justice system because those offenders have not always been treated with the deference that their age warrants. Except, in the Petitioner's case, none of these considerations were afforded to him during his sentencing hearing. Since, Mr. Evans has grown from his former self and shown a remarkable change over his 18-year incarceration. He has maintained an almost entirely positive record since his crime and has even been instrumental in saving the life of a fellow inmate by providing medical help before emergency services could arrive. He has completed every psychiatric and vocational program he was able to get his hands on and additionally a 12-month intensive residential treatment program where he learned and internalized pro-social behavior through community living. It is abundantly clear he is no longer a threat to society or himself. His claim for relief

2

rests on solid ground and current sentencing guidelines favor a reduction of his term of imprisonment. We ask the court now to take up this case and rule in the way most equitable to the law and Mr. Evans.

## JURISDICTIONAL STATEMENT

Pursuant to 28 U.S.C. 1331, federal courts have jurisdiction over requests to modify a term of imprisonment based on 18 U.S.C. 3582. Additionally, military inmates confined in a penal or correctional institution not under the control of one of the armed forces are subject to the same discipline and treatment as persons confined or committed by the courts of the United States or of the state, District of Columbia, or place in which the institution is situated. 10 U.S.C. 858(a). Military prisoners are also permitted to conditional release in accordance with federal law and regulations. Mitchell v. Kennedy, 344 F. 2d 935 (10th Cir.), cert. denied, 382 U.S. 920, 86 S. Ct. 299, 15 L. ED. 234 (1965). The Petitioner is currently incarcerated at the Federal Correctional Complex, Victorville in San Bernardino County, Southern California, for life without the possibility of parole, with no projected release date. On October 16, 2022, Petitioner filed a petition with he appropriate authority that has remained unanswered; and pursuant to 18 U.S.C. 3582(c)(l)(A)(i) this petition is timely. This is not an appeal of a final order.

## ISSUES PRESENTED

**I.  THE WARDEN OF VICTORVILLE ERRED WHEN FAILING TO GRANT PETITIONER'S REQUEST FOR A SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3624(b).**

**II.  THE WARDEN OF VICTORVILLE ERRED WHEN FAILING TO GRANT THE PETITIONER'S REQUEST FOR A SENTENCE REDUCTION PURSUANT TO U.S.S.G § 1B1.13.**

**III.  THE WARDEN OF VICTORVILLE ERRED WHEN FAILING TO GRANT PETITIONER'S REQUEST FOR A SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3553(a).**

## STATEMENT OF THE CASE

On February 2, 2005, at the tender age of twenty years old, the Petitioner and two other servicemembers agreed to kill another servicemember out of fear that the Sailor may reveal their ongoing criminal conduct of larceny from the military exchange to law enforcement. After meeting the Sailor at a destination, the Petitioner and his co-conspirators cut the victim's neck, slicing through the carotid artery, jugular vein, esophagus, and windpipe and repeatedly stabbed him in the body resulting in injuries to the chest, abdomen, back, heart, lungs, and liver. After committing the act, the Petitioner and his co-conspirators disposed of the body by leaving it in a drainage tunnel.

Prior to trial, the Petitioner accepted a pretrial agreement ("PTA") with the government. The agreement provided, in part, that the Petitioner would plead guilty

to offenses as alleged, and in exchange, the Convening Authority (CA) would suspend any confinement for life without the possibility of parole until he was discharged from the United States Navy. The Pretrial Agreement further restricted the Petitioner's right to seek clemency or parole for a period of 40 years from the date of trial.

On September 12, 2005, the Petitioner was found guilty at a general court martial of Conspiracy to Commit Murder, Premeditated Murder, Larceny, and Obstruction of Justice in violation of Article 81, Article 118, Article 121, and Article 134 of the Uniform Code of Military Justice, and Title 10 U.S.C .881, 918, 921, and 934. The Petitioner was sentenced to a term of imprisonment for life without parole, reduction to the grade of E-1, forfeiture of all pay and allowances, and a Dishonorable Discharge with no fines or restitution.

In March 2006, it was alleged that the Petitioner violated Brig Regulation P 1610.lC - contraband and Art. 134, UCMJ - Bribery, by paying $1,525.00 to Corporal James Wheeler Jr, USMC, a Brig Guard at Joint Forces Brig, Camp Hansen, Okinawa, Japan for preferential treatment. The preferential treatment alleged was the receipt of ten (10) music compact discs (CD) and a bottle of Hydroxycut, a dietary supplement found at any Army and Air Force exchange store (AAFES). As a result of the alleged misconduct, the Petitioner received 30 days of disciplinary segregation.

On April 26, 2006, the CA affirmed the sentence adjudged at trial, and pursuant to the PTA suspended the life without parole portion and granted parole eligibility after 40 years of confinement. However, the Petitioner appealed and on March 29, 2007, the Navy-Marine Corps Court of Criminal Appeals (NMCCA) held that the provision of the PTA that restricted the Petitioner's ability to seek parole and clemency consideration after 40 years violated the rules for Rule for Courts-Martial (RCM) 705(c)(l)(B). U.S. v. Tate, 64 MJ. 269, 272 (CAAF 2007). The Court found that the terms restricting the Petitioner's ability to apply for parole or clemency violated the Petitioner's due process, so those terms were struck from the PTA. U.S. v. Petitioner, No. 200600806 NMCAA. The NMCCA further held that the remainder of the PTA was enforceable. As a result, the Petitioner's sentence was now life with parole eligibility after 20 years and clemency after 10 years of incarceration.

Then, on April 6, 2007, the Petitioner was notified by Navy liaison personnel at the U.S. Disciplinary Barracks (USDB) Military Prison at Fort Leavenworth, Kansas that an article 72, R.C.M. 1109 hearing was scheduled for the alleged March 2006 misconduct or "material breach" of the PTA. On May 1, 2007, an article 72, R.C.M. 1109 hearing was held at the U.S. Disciplinary Barracks (USDB) Military Prison at Fort Leavenworth, Kansas to determine whether the Petitioner's suspended sentence should be vacated for a "material breach" of the PTA. After the hearing, on

6

June 29, 2007, the CA vacated the Petitioner's suspended sentence. On August 12, 2008, the NMCCA affirmed the decision to vacate the Petitioner's suspended sentence reverting his punishment to life without the possibility of parole.

Since his incarceration, the Petitioner has dedicated his time to extraordinary rehabilitation efforts not only to remedy his serious mistakes but also to become a better person. The Petitioner continues to participate in personal counseling with facility personnel to achieve personal goals. The Petitioner has completed several vocational programs including barber, fitness trainer, culinary arts professional and the Victorville Start Now Program. Petitioner has continued his vocational education by taking courses for traumatic stress and resilience, solar panel installation and heating/ventilation/air conditioning (HVAC). See Exhibit 1, Vocational Certificates.

The Petitioner also has future goals in HVAC, obtaining a commercial driver's license (CDL), and a pest management certificate. The Petitioner has also completed 3 courses in Sociology at Victor Valley College. See Exhibit 2, Victor Valley College Transcript.

In addition, in 2016, the Petitioner completed a 500-hour, twelve (12) month, intensive residential treatment program wherein individuals learn and internalize pro-social behavior through community and develop a sense of being part of something greater than themselves through community living. The program requires participants learn using self-help material, exerting positive peer pressure, providing

and following positive role models, setting and living up to high expectations, and self-disclosure. After graduating the program, the Petitioner remained a mentor until 2019. Furthermore, the Petitioner has maintained employment for the duration of his incarceration and impacts other inmates in a positive manner. For example, in September 2022, the Petitioner came to the aid of another inmate experiencing a medical emergency that allowed the inmate to receive care within minutes so that life saving measures could be provided. See Exhibit 3, Summary Reentry Plan – Progress Report at 4.

The Petitioner's incarceration records show he is not a threat to society, and he used his time to positively rehabilitate his life so that he can be a productive and meaningful member of society.

## **SUMMARY OF ARGUMENT**

I.    There are extraordinary and compelling reasons that justify a reduction in the Petitioner's sentence as follows:

A. The Petitioner's mandatory life sentence without parole was a required life sentence which runs counter to the bedrock principal of sentencing, that "punishment for crime should be graduated and proportioned" to both the "offender and the offense" and which did not allow the court "to consider the mitigating qualities of youth" as in Miller numerous other cases before the Supreme Court.

B. The Petitioner's Pretrial Agreement (PTA) is unconstitutional because the agreement itself and the subsequent enforcement of the remaining terms was predicated on the negotiation of a term that violated the Petitioner's constitutional rights.

C. There are recent changes in the law surrounding youthful offenders and the penal code, notably the First Step Act and the amendment to Penal Code §1170.9l(b) allowing resentencing.

    1. The First Step Act enacted by Congress in 2018 established new guidelines for the Bureau of Prisons (BOP) that defined "youth" to include a prisoner who was 21 years of age or younger at the time of the commission of their crime and the courts responded by noting four hallmark principles that separate adult from adolescent offenders that should be considered when sentencing: 1) immaturity 2) susceptibility 3) salvageability and 4) dependency, all four of which are relevant to Petitioner's request for a reduced sentence.

    2. The Penal Code §1170.9l(b) was amended in 2018 to allow individuals sentenced prior to January 1, 2015, to seek a re-sentencing in which the Court considers circumstances related to

military service, including substance abuse issues such as the Petitioner's alcohol abuse.

D. The rehabilitation of the Petitioner is of such a degree as to warrant a reduction in his sentence, as he has demonstrated exemplary behavior, been assessed as having a low risk recidivism level, been an asset to the inmates and staff in every facility he has been incarcerated in, and performed life-saving measures on a fellow inmate.

II. Pursuant to U.S.S.G. § 1B1.13, the director of BOP is permitted to reduce terms of imprisonment upon a finding that extraordinary and compelling reasons exist to reduce the sentence or the Petitioner's rehabilitation efforts show he is not a danger to the safety of any person or community; both of which are applicable to the present case.

III. Pursuant to the sentencing factors of 18 U.S.C. § 3553(a), while the nature of the offense may warrant a substantial punishment, as discussed above the Petitioner's history and characteristics strongly contradict the need for the Petitioner's life imprisonment and the Petitioner's co-conspirators currently have lesser sentences in comparison with the Petitioner's.

## STANDARD OF REVIEW

A court's review of a petition for a sentence reduction pursuant to 18 U.S.C. § 3582 (c)(l)(A)(i) is de novo. See <u>United States v. Ansberry</u>, 976 F.3d 1108, 1126 (10th Cir. 2020); <u>United States v. White</u>, 765 F.3d 1240, 1245 (10th Cir. 2014); <u>United States v. Cobb</u>, 584 F.3d 979, 982 (10th Cir. 2009); <u>U.S. v. Beck</u>, 425 Supp. 3d. 573, 587 (2019)("The First Step Act gives courts independent authority to grant motions for compassionate release and says nothing about deference to the Bureau of Prisons; this establishes that Congress wants courts to take a de novo look at compassionate release motions").

## EXHAUSTION OF ADMINISTRATIVE REMEDY

The Petitioner has exhausted his Administrative Remedies with the Bureau of Prisons ("BOP"). On October 16, 2022, petitioners submitted an electronic request to the Warden of FCI I – Victorville. At the expiration of the thirty (30) day statutory period, the request remained unanswered. To date the request remains unanswered and Petitioner is not aware of any other motion filed on his behalf.

**ARGUMENT**

I.    **EXTRAORDINARY AND COMPELLING REASONS EXIST THAT WARRANT A REDUCTION OF THE PETITIONER'S IMPRISONMENT TERM**

In this case, the mandatory nature of the Petitioner's sentence, the failure to void the entire pretrial agreement, changes in law regarding sentencing and youth culpability, and the Petitioner's rehabilitation efforts, taken independently or together, are extraordinary and compelling reasons warranting a reduction in the Petitioner's imprisonment term. District Courts have the authority to determine for themselves what constitutes "extraordinary and compelling reasons." U.S. v. Mammau, 993 F.3d 821, 834 (10th Cir. 2021). Although, rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for a sentence reduction. 28 U.S.C. § 994(t). The sentence reduction policy also recognizes that an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment. Id. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement. Mammau at 834.

## A. THE PETITIONER'S MANDATORY LIFE SENTENCE IS AN EXTRORDINARY AND COMPELLING REASON TO REDUCE IMPRISONMENT

Even though the Petitioner's imprisonment may be a constitutional, a mandatory sentence, itself, can be extraordinary and compelling reasons for a sentence reduction. U.S. v. Ramsay, 538 F.Supp.3d 407, 427 (2021). In 2005, the Petitioner's guilty conviction required a life sentence. The Court had no discretion to divert from mandatory life imprisonment, and any mitigating factors presented by the Petitioner had no meaningful impact on the sentence. The Supreme Court has held on numerous occasions that the meteoric rise of mandatory minimum sentences in federal criminal law runs counter to the bedrock principle that "'punishment for crime should be graduated and proportioned' to both the offender and the offense." Miller v. Alabama, 567 U.S. 460, 469 (2012) (quoting Roper v. Simmons, 543 U.S. 551, 563, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005). When applying these principles, the Court went one step further and found the imposition of a mandatory life sentence on a youthful offender contradicts such principles because the Court has insisted that a sentencer have the ability "to consider the mitigating qualities of youth." Miller at 469.

Not to mention in contrast to the Petitioner, a 2021 sentencing report shows that of 257 murder convictions that 248 of those convictions were sentenced to prison terms. See 2021 Annual Report and Sourcebook of Federal Sentencing

Statistics at 62. There was as mean average of 244 months and median of 231 months confinement for those sentences. Id. at 64. Additionally, when supervised release was ordered with the prison term, the mean was fifty- four (54) months, and the median was sixty (60) months. Id. at 67. It is not arbitrary to conclude that the Petitioner's imprisonment would likely look much different today than in 2005 because his sentence is greater than necessary to satisfy the purposes of criminal sentencing and other relevant factors such as age and substance dependency were not considered. Given the mandatory nature of the Petitioner's sentence, extraordinary and compelling reasons are present that warrant reduction of his sentence.

### B. THE PETITIONER'S UNCONSTITUTIONAL PRETRIAL AGREEMENT IS AN EXTRORDINARY AND COMPELLING REASON TO REDUCE IMPRISONMENT

Additionally, the NMCCA's error in not voiding the entire PTA between the Petitioner and the government is an extraordinary and compelling reason to reduce the Petitioner's sentence. Under the Uniform Code of Military Justice, the maximum punishment for the Petitioner's offenses is death. Prior to trial, the Petitioner entered into a PTA where provisions were later voided on appeal. Although the appellate court found that the remaining terms regarding the adjudged sentence could be enforced, "in some cases, the court has concluded that the presence of an

impermissible term requires the court to void the entire agreement and authorize a new hearing". <u>U.S. v. Tate</u>, 64 MJ. 269, 272 (CAAF. 2007).

Here, the agreement and subsequent enforcement of the remaining terms was predicated on the negotiation of a term that violated the Petitioner's constitutional rights. Part II of the PTA, the "additional specially negotiated term," indicates that case was referred under the non-capital jurisdiction based on the Petitioner's agreement to waive their right to request clemency or parole for a period of forty (40) years. The referral of Mr. Evan's case to a non-capital jurisdiction was entirely contingent on his waiver of his right to parole and clemency for the specified time. Essentially, but for Mr. Evan's original waiver, there would not have been an opportunity to revoke the suspended sentence, thereby reinstituting a sentence of life without the possibility of parole. Furthermore, the circumstances of the revocation are extraordinary circumstances. Prior to revoking Mr. Evan's suspended sentence, the CA signed off on the Petitioner's approved sentence and waited until a favorable appeal decision for the Petitioner to exercise its power. It appears that the CA actions were predicated on restricting the Petitioner's right to request clemency or parole and not because of the alleged misconduct. The premise that the system is unfair is not a reason to deny the Petitioner justice. As it stands the CA continues to inappropriately receive the benefit of violating the Petitioner's constitutional rights.

**C. RECENT CHANGES IN LAW REGARDING YOUTHFUL OFFENDERS AND CUPABILITY IS AN EXTRAORDINARY AND COMPELLING REASON TO REDUCE THE PETITIONER'S IMPRISONMENT**

Changes in sentencing guidelines and treatment of youth culpability during sentencing are extraordinary and compelling reasons to reduce the Petitioner's imprisonment term. District courts may consider intervening changes of law and fact when deciding whether to grant a sentence reduction under Section 3582(c)(1)(A). See <u>Conception v. U.S.</u>, 142 S. Ct. 2389, 2396 (2022); <u>U.S. v. McGee</u>, 991 F. 3d 1035, 1047 (10th Cir. 2021); <u>U.S. v. Maumau,</u> 993 F. 3d 821, 237 (10th Cir. 2021). In this case, changes regarding law on the Petitioner's prior military service and treatment of the defendant's age as a mitigating factor to their culpability for sentencing are extraordinary and compelling reasons to grant the Petitioner an imprisonment reduction.

**1. THE FIRST STEP ACT ESTABLISHED NEW GUIDELINES FOR THE BOP THAT DEFINED 'YOUTH" TO INCLUDE PRIONERS UNDER 21 AND NOTED FOUR HALLMARK PRINCIPLES THAT SEPARATE ADULT FROM ADOLESCENT OFFENDERS WHICH SHOULD BE CONSIDERED WHEN SENTENCING.**

Although enlisted in the military, the Petitioner's age at the time of committing the offenses is an extraordinary and compelling reason for a sentence reduction. In 2018, Congress implemented new guidelines for the BOP that revised sentencing schemes and defined "youth" to include a prisoner who was 21 years of

age or younger at the time of the commission or alleged commission of the criminal offense for which the individual is being prosecuted or serving a term of imprisonment. First Step Act of 2018, PL 115-391, December 21, 2018, 132 Stat 5194 (citing S. 1251, 118th Cong. § 608 (2023) (enacted)). Although, the Supreme Court has drawn this line at age 18 for purposes of the Eighth Amendment that does not extinguish the relevance of these characteristics in assessing, as a general matter, the blameworthiness in committing a crime. Certainly, it does not require that this Court ignore, in the context of the instant section 3582(c), a motion for a sentence reduction. United States v. Cruz, 2021 WL 1326851, at *5 (D. Conn. Apr. 9, 2021). So, the courts adjusted their treatment of adolescent culpability when determining appropriate sentencing. They noted four hallmark principles that separate adult from adolescent offenders and should be considered when sentencing according to 18 U.S.C. § 3553(a): 1) immaturity 2) susceptibility 3) salvageability and 4) dependency. U.S. v. Ramsay, 538 F. Supp. 3d. 407 (2021).

At just nineteen years of age, the Petitioner was extremely immature when he committed his criminal acts. Adolescents are immature simply as a matter of everyday experience, "a lack of maturity and an underdeveloped sense of responsibility are found in youth more often than in adults and are more understandable among the young. These qualities often result in impetuous and ill-considered actions and decisions." Roper, 543 U.S. at 569 (quoting Johnson v.

Texas, 509 U.S. 350, 367 (internal quotation marks and citation omitted). The record shows that the Petitioner and his co-conspirators committed these acts impulsively, out of fear that the victim would reveal their ongoing criminal larcenies from a local market. The fact that neither the Petitioner nor a co-conspirator ever took the time to confirm their suspicion that the victim provided information about their criminal acts themselves, shows the immaturity of the individuals. Not to mention, none of them even considered that their larcenies were relatively minor misconduct and could result in minimal punishment, or that their criminal involvement might have been discovered a different way. Instead, their presumptions led to the commission of a far more serious crime in an attempt to avoid punishment.

The Petitioner's vulnerability and susceptibility to negative influences significantly influenced his criminal activity. A second area of difference between juveniles and adults is that juveniles are more vulnerable or susceptible to negative influences and outside pressures, including peer pressure. U.S. v. Ramsay, 538 F. Supp. 3d. 407, 420 (2021) (quoting Roper, 543 U.S. at 569) (Discussion of susceptibility to age 25). Further, scientific research supports a higher susceptibility and reduced impulse control for individuals from ages 18-24. See, e.g., Alexandra Cohen et al., When Does a Juvenile Become an Adult? Implications for Law and Policy, 88 Temple L. Rev. 769 (2016); Laurence Steinberg et al., Around the World, Adolescence is a Time of Heightened Sensation Seeking and Immature Self-

Regulation, Developmental Science (2017). See also Laurence Steinberg & Elizabeth Scott, Less Guilty by Reason of Adolescence: Developmental Immaturity, Diminished Responsibility, and the Juvenile Death Penalty, 58 Am. Psychol. 1009 (2003). In the Petitioner's case, peer pressure significantly contributed to the bad decisions being made. The Petitioner was not even of the legal drinking age and had already developed a substance abuse problem due to the influences in his environment. This problem of abuse, coupled with the negative influences from older service members also engaging in criminal activity, led to the Petitioner's crimes quickly escalating based on an irrational thought pattern as well as a fomented fear that he would be removed from the very system he depended on to survive.

Moreover, the Petitioner's heightened sense of dependability contributed to his immaturity and crimes. The court has explained that adolescent offenders are less culpable, because relative to adults' crimes, adolescents' crimes are less a product of their choices and more a product of their environment. U.S. v. Ramsay, 538 F. Supp. 3d. 407, 420 (2021) (quoting Roper, 543 U.S. at 569). Here, many of the irrational thoughts by the Petitioner resulted from his environment. As stated, the Petitioner first became involved in larcenies after not receiving support when a crime was committed against him. Young servicemembers, as in the Petitioner's case, become co-dependent on the service because they rely on their Commanders and units financially, socially, and for their individual safety. The Petitioner's negative

experiences and relationships culminated in a dreadful act produced out of a fear of losing access to the very support system that made his life safe, because, beyond punishment, merely possessing a negative discharge from the military carries serious repercussions for civilian employment, making it more difficult and at times impossible to achieve comparable work.

Further, the Petitioner's character was not fully developed, and because his character is now less transitory and more fixed, he can be productive in society. U.S. v. Ramsay, 538 F. Supp. 3d. 407, 420 (2021) (quoting Roper, 543 U.S. at 570). In the eighteen years since his incarceration began, the changes in the Petitioner's personality traits are very evident. The Petitioner's records reveal several instances of sound thinking and selfless acts that assisted with the development of other inmates and even saved a life. Even more so, The Petitioner has continued to develop meaningful relationships with his family outside of prison. The Petitioner has a character reputation that is directly in line with what is expected of an individual who invested in rehabilitation and is salvageable to society.

Finally, from Espino, we know that "a defendant's rehabilitation and his or her young age at the time of the offenses are not by themselves compelling reasons to warrant early release." U.S. v. Espino, Case No. 03-20051-08-JWL (D. Kan. Jan. 20, 2021). Those courts must also find a "'specific defect or inequity' in the defendant's sentence." Espino, supra (citing Alvarez, 2020 WL 4904586, at *5). In

<u>Maumau</u>, Judge Campbell found just that specific defect: "…if sentenced today, the defendant would not be subject to such a long term of imprisonment in light of how changes in how § 924(c) sentences are calculated." <u>Maumau</u>, <u>supra</u>. Unlike in <u>Espino</u> and like the finding in <u>Maumau</u>, there is that specific defect of a change in the laws regarding the sentencing of youths and their culpability.

### 2. RECENT CHANGES IN Penal Code §1170.9l(b) IS AN EXCEPTIONAL AND COMPELLING REASON TO REDUCE PETITIONER'S TERM OF IMPRISONMENT

The Court's inability to consider the Petitioner's military record of substance abuse during sentencing is an extraordinary and compelling reason to grant Mr. Evan's reduction request. Pursuant to Penal Code 1170.9(a), a judge must consider such matters as mitigating factors that weigh in favor of sentencing the person to a lower term. Effective January 1, 2018, Penal Code §1170.9l(b) was amended to allow individuals sentenced prior to January 1, 2015, to seek a re-sentencing in which the Court considers circumstances related to military service. To be eligible for re-sentencing, the individual must 1) currently be serving a determinate prison sentence for a felony conviction either by verdict at trial, a guilty plea, or no contest plea; 2) have served in the United States military; and 3) as a result of service, suffer from sexual trauma, traumatic brain injury (TBI), post-traumatic stress disorder (PTSD), substance abuse, or mental health problems; and 4) have been sentenced prior to January 1, 2015, with the court not considering the individual's military

related trauma, substance abuse, or mental health problems as a mitigating factor. During the Petitioner's military service, he developed a substance abuse problem with alcohol at the tender age of nineteen (19) years old that contributed to his criminal activity. This information was available at the time of trial but not considered as a mitigating factor during the Petitioner's initial sentencing. Thus, the Petitioner's unconsidered substance abuse issues during his prior military service are an extraordinary and compelling reason to reduce the imprisonment term.

### D.    THE PETITIONER'S REHABILITATION TAKEN TOGETHER IS AN EXTRAORDINARY AND COMPELLING REASON TO REDUCE PETITIONER'S IMPRISONMENT

The Petitioner's rehabilitation efforts merit a sentence reduction. Although, the Petitioner does have a disciplinary record, his record while incarcerated does not strictly preclude the granting of relief under 18 U.S.C. 3582(c)(l)(A)(I).   The Petitioner was first incarcerated in 2005 and initially classified for high security facilities. More recently, the Petitioner has resided in a medium security facility after the BOP secured a waiver on his behalf due to his exemplary behavior.   The Petitioner has been assessed as having a low-risk recidivism level.

To wit, the Petitioner has been a model inmate while at BOP facilities.  Although it is not uncommon that even model inmates have a couple of infractions during their time in prison, the Petitioner's record shows that the most recent 2014 infraction was

for a minor violation of BOP policy. The Petitioner has not continued to commit crimes or violence against other individuals, nor present issues for facility staff. Instead, the Petitioner has learned to thrive appropriately within the rules and regulations established by the facility of incarceration. Thus, any previous disciplinary actions against the Petitioner are not indicative of the Petitioner's current character and should not preclude him from a sentence reduction.

Not to mention, at each BOP facility he was incarcerated in, the Petitioner has had a positive impact on the inmates and staff. See Exhibit 4, Letters of Support. Not only has the Petitioner maintained consistent employment at these facilities but also intentionally took on employment that assisted the more vulnerable innates during the recent pandemic. Despite the Petitioners underlying health conditions, the Petitioner was responsible for cleaning the COVID-19 isolation dormitory at his facility and many of the inmates acknowledged his dedication to that job as being the difference in their ability to recover. See Exhibit 3, Supra at 4. Moreover, a review of the Petitioner's BOP progress reports provides additional examples of the Petitioner going above and beyond for other inmates and staff, even performing life saving measures on another inmate during a medical episode until facility staff could arrive and take over. Id. at 4.

Further, the Petitioner has participated in several life skills programs throughout his incarceration. Specifically, the Petitioner graduated in 2016 from 500-hour

conflict resolution community program called "The Challenge" and remained a mentor for the program until 2019. The Challenge is a modified therapeutic community (MTC) intensive, long-term residential treatment program which has been modified to meet the special needs and issues of a correctional population. The program requires participants live in a community with a variety of intense interventions and learn pro-social behavior. The program requires high levels of member interaction and community members develop a sense of being part of something greater than themselves. The program is designed so individuals grow and change throughout the experience by using self-help material, exerting positive peer pressure, providing/following positive role models, setting and living up to high expectations, and self-disclosure.

The Petitioner's records show that the additional requirement that the defendant not be "a danger to the safety of any other person or to the community" is satisfied. 18 U.S.C. 3142(9).  In addition to the Petitioner's rehabilitation efforts, he was convicted for the first time 2005 and had no criminal history prior. The Petitioner has also continued to maintain intimate and meaningful relationships with family while incarcerated. He has established a plan to assimilate into general society with his family's support, both financial and emotional, upon any release from imprisonment.  The Petitioner's efforts to not only learn from but grow from his serious criminal acts to develop meaningful relationships outside of the facility

evidence his low threat to the safety of the community and his low likelihood of recidivism. Thus, in addition to the reasons stated above, the Petitioner's rehabilitation efforts compel a finding that extraordinary and compelling reasons exists to reduce petitioner's term of imprisonment.

## II.     THE PETITIONER'S SENTENCE REDUCTION IS CONSISTENT WITH THE SENTENCING COMMISSION'S POLICIES.

Reducing the Petitioner's term of imprisonment is consistent with policy because the Petitioner is not a danger to any person or community and extraordinary or compelling reasons exist warranting the reduction. Pursuant to U.S.S.G. § 1B1.13, the Sentencing Commissions most recent policy report regarding sentence reductions, the director of BOP is permitted to reduce terms of imprisonment upon finding 1) that (a) extraordinary and compelling reasons warrant the reduction; or (b) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned; (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) the reduction is consistent with the policy statement. U.S.S.G. § 1B1.13 (2018). As argued above, several extraordinary and compelling reasons exist to reduce the sentence and the Petitioner's rehabilitation efforts show he is not a

danger to the safety of any person or community; thus, any sentence reduction would be consistent with current policy.

## III.    THE PETITIONER'S SENTENCE REDUCTION IS CONSISTENT WITH THE 18 U.S.C. § 3553(a) SENTENCING FACTORS

Finally, sentencing guidelines favor a reduction of the Petitioner's term of imprisonment. Even if life imprisonment is still within the range for the crime committed, those guidelines are not binding on the Court. United States v. Booker, 543 U.S. 220, 245, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005). Thus, while the nature of the offense may warrant a substantial punishment, as discussed above the Petitioner's history and characteristics strongly contradict the need for the Petitioner's life imprisonment. Not to mention, a disparity exists between the Petitioner and his co-conspirators' imprisonment. The co-conspirators have determinate sentences of sixty (60) and sixty-five (65) years with parole eligibility after twenty (20) years and clemency consideration after ten (10) years.  If this motion were denied, the Petitioner can expect to spend decades longer in incarceration than his co-conspirators, who will likely be granted parole. For all the stated reasons, a sentence of 30 years is consistent with the § 3553(a) factors.

## **CONCLUSION**

Wherefore, the Petitioner, by and through counsel, prays that this Honorable Court grant the motion presented and order the Petitioner to be released from custody of the Federal Bureau of Prisons to time served, or where the Court sees fit in this matter to adjust the term of imprisonment, or to order supervised release as this Court sees fit.

Date: January 12, 2024

s/ Audley G. Evans II
**Audley G. Evans II**

*Petitioner Audley G. Evans II*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 17. Statement of Related Cases Pursuant to Circuit Rule 28-2.6

**9th Cir. Case Number(s)** _____

The undersigned attorney or self-represented party states the following:

[x] I am unaware of any related cases currently pending in this court.

[ ] I am unaware of any related cases currently pending in this court other than the case(s) identified in the initial brief(s) filed by the other party or parties.

[ ] I am aware of one or more related cases currently pending in this court. The case number and name of each related case and its relationship to this case are:

**Signature** s/Audley G. Evans II                    **Date** January 12, 2024

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 8. Certificate of Compliance for Briefs

**9th Cir. Case Number(s)** _____

I am the attorney or self-represented party.

**This brief contains 6297 words,** excluding the items exempted by Fed. R. App. P. 32(f). The brief's type size and typeface comply with Fed. R. App. P. 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[x] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an **amicus** brief and complies with the word limit of Fed. R. App. P. 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

    [ ] it is a joint brief submitted by separately represented parties;
    [ ] a party or parties are filing a single brief in response to multiple briefs; or
    [ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated _____.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** s/Audley G Evans II           **Date** January 12, 2024

CERTIFICATE OF SERVICE

I, AUVEY EVANS, HEREBY CERTIFY THAT THIS PETITION
WAS SUBMITTED ON APRIL 22, 2024 BY UNITED STATES
POSTAL SERVICES TO THE UNITED STATES DISTRICT COURT,
CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION, 3470
12TH STREET, ROOM 134, RIVERSIDE, CALIFORNIA 92501.

RESPECTFULLY SUBMITTED,

AUVEY EVANS  99482-555
FEDERAL CORRECTIONAL INSTITUTE #1
P.O. BOX 3725
ADELANTO, CALIFORNIA 92301

x 4

<u>Audley</u> G. <u>EVANS</u> v. U.S.
**UNITED STATES COURT OF APPEALS FOR THE ARMED FORCES**
**72 M.J. 408; 2013 CAAF LEXIS 658**
**Misc. No. 13-8030/NA.**
**June 20, 2013, Decided**

**Notice:**

**DECISION WITHOUT PUBLISHED OPINION**

**Editorial Information: Prior History**

CCA 200600806.Evans v. United States, 2013 CAAF LEXIS 375 (C.A.A.F., Apr. 4, 2013)

**Opinion**

On consideration of Appellee's motion to dismiss the writ-appeal for lack of jurisdiction, it is ordered that said motion is hereby granted.

© 2024 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

99482555

03/22/24
        Page 1

                                        VICTOR VALLEY COLLEGE
                                        18422 BEAR VALLEY ROAD
                                    VICTORVILLE, CA 92395-5850
                                      PHONE: (760) 245-4271


    Record of : Audley G. Evans, II
ID Number: 0448856
                PO Box 3725                    Unofficial Transcript
Birth Date: 11/28/84
                Adelanto CA 92301
                UNITED STATES



    Issued to : Audley Evans
                PO Box 3725
                Adelanto, CA 92301
                United States

| Course Codes | Course Name | Grd | Att | Cmpt | Grd Pts | GPA Units | GPA |
|---|---|---|---|---|---|---|---|

-------------------------------------------------- Spring 2023 Term --------------------------------------------------

| Course Codes | Course Name | Grd | Att | Cmpt | Grd Pts | GPA Units | GPA |
|---|---|---|---|---|---|---|---|
| GUID-107 BL | Learning Strategies/Study Skil | A | 3.00 | 3.00 | 12.00 | 3.00 | |
| CMST-106 BL | Interpersonal Communication | B | 3.00 | 3.00 | 9.00 | 3.00 | |
| BADM-100 BL | Intro Business Organizations | A | 3.00 | 3.00 | 12.00 | 3.00 | |
| SOC-102 BL | Social Problems | B | 3.00 | 3.00 | 9.00 | 3.00 | |
| | 2023SP    Totals | | 12.00 | 12.00 | 42.00 | 12.00 | 3.5000 |
| | Cumulative Totals | | 12.00 | 12.00 | 42.00 | 12.00 | 3.5000 |

-------------------------------------------------- Summer 2023 Term --------------------------------------------------

| Course Codes | Course Name | Grd | Att | Cmpt | Grd Pts | GPA Units | GPA |
|---|---|---|---|---|---|---|---|
| PSYC-101 BL | Introductory Psych | F | 3.00 | 0.00 | 0.00 | 3.00 | |
| | 2023SU    Totals | | 3.00 | 0.00 | 0.00 | 3.00 | 0.0000 |
| | Cumulative Totals | | 15.00 | 12.00 | 42.00 | 15.00 | 2.8000 |

-------------------------------------------------- Fall 2023 Term --------------------------------------------------

| | | | | | | |
|---|---|---|---|---|---|---|
| ENGL-104 BL | Critical Think & Composition | A | 3.00 | 3.00 | 12.00 | 3.00 |
| PSYC-109 BL | Biopsychology | B | 3.00 | 3.00 | 9.00 | 3.00 |
| | 2023FA    Totals | | 6.00 | 6.00 | 21.00 | 6.00 |
| 3.5000 | | | | | | |
| | Cumulative Totals | | 21.00 | 18.00 | 63.00 | 21.00 |
| 3.0000 | | | | | | |

-------------------------------------------------- Winter 2024 Term -----------------------------
--------------------------

| | | | | | | |
|---|---|---|---|---|---|---|
| HIST-118 BL | History of U.S From 1876 | A | 3.00 | 3.00 | 12.00 | 3.00 |
| | 2024WI    Totals | | 3.00 | 3.00 | 12.00 | 3.00 |
| 4.0000 | | | | | | |
| | Cumulative Totals | | 24.00 | 21.00 | 75.00 | 24.00 |
| 3.1250 | | | | | | |

-------------------------------------------------- END OF TRANSCRIPT -----------------------------
--------------------------



## Summary Reentry Plan - Progress Report

Dept. of Justice / Federal Bureau of Prisons
Plan is for Inmate: EVANS, AUDLEY G II   99482-555

SEQUENCE: 00349481
Report Date: 01-13-2023



| | |
|---|---|
| Facility: | VIM VICTORVILLE MED I FCI |
| Name: | EVANS, AUDLEY G II |
| Register No.: | 99482-555 |
| Quarters: | F01-107L |
| Age: | 38 |
| Date of Birth: | 11-28-1984 |

| | |
|---|---|
| Custody Level: | IN |
| Security Level: | MEDIUM |
| Proj. Rel Date: | UNKNOWN |
| Release Method | LIFE |
| DNA Status: | COP02918 / 01-09-2014 |

### Offenses and Sentences Imposed

| Charge | Terms In Effect |
|---|---|
| ART 81 CONSPIRE TO COMMIT MURDER ART 118,PREMEDITATED MURDER ART 121 LARCENY OF GOVERNMENT PROPERTY ART 134,ENDEAVOR TO IMPEDE INVESTIGATION | LIFE |

Date Sentence Computation Began:   09-12-2005

Sentencing District:   UNITED STATES NAVY

| Days FSGT / WSGT / DGCT | Days GCT or EGT / SGT | Time Served | + Jail Credit - InOp Time |
|---|---|---|---|
| 213 / 0 / 0 | | Years 17 Months 11 Days | + 211   JC -0    InOp |

### Detainers

| Detaining Agency | Remarks |
|---|---|
| NO DETAINER | |

### Program Plans

Inmate Evans is making good progress with his program plans. He adheres to all recommendations made by his assigned unit team, and is not a management concern. He takes on a mentor role to newly assigned inmates as well.

### Current FSA Assignments

| Assignment | Description | Start |
|---|---|---|
| FTC INELIG | FTC-INELIGIBLE-REVIEWED | 11-15-2019 |
| N-ANGER Y | NEED - ANGER/HOSTILITY YES | 11-16-2022 |
| N-ANTISO N | NEED - ANTISOCIAL PEERS NO | 11-16-2022 |
| N-COGNTV N | NEED - COGNITIONS NO | 11-16-2022 |
| N-DYSLEX N | NEED - DYSLEXIA NO | 05-28-2021 |
| N-EDUC N | NEED - EDUCATION NO | 11-16-2022 |
| N-FIN PV N | NEED - FINANCE/POVERTY NO | 11-16-2022 |
| N-FM/PAR N | NEED - FAMILY/PARENTING NO | 11-16-2022 |
| N-M HLTH N | NEED - MENTAL HEALTH NO | 11-16-2022 |
| N-MEDICL N | NEED - MEDICAL NO | 11-16-2022 |
| N-RLF Y | NEED - REC/LEISURE/FITNESS YES | 11-16-2022 |
| N-SUB AB Y | NEED - SUBSTANCE ABUSE YES | 11-16-2022 |
| N-TRAUMA Y | NEED - TRAUMA YES | 11-16-2022 |
| N-WORK N | NEED - WORK NO | 11-16-2022 |
| R-LW | LOW RISK RECIDIVISM LEVEL | 11-16-2022 |

### FSA Comments

Inmate Evans has addressed most of his needs assessment under the First Step Act (FSA). He is actively programming to eliminate all of his needs assessments. The unit team is pleased with his progress under FSA.

### Current Work Assignments

| Facl | Assignment | Description | Start |
|---|---|---|---|
| VIM | COMMISARY | COMMISARY DETAIL | 06-27-2022 |

### Work Assignment Summary

Inmate Evans is currently assigned to a work detail in the Commissary. He has made the unit team aware that he enjoys the work detail and is receiving good work evaluations from his detail supervisor.

### Current Education Information

## Summary Reentry Plan - Progress Report
Dept of Justice / Federal Bureau of Prisons
Plan is for inmate: EVANS, AUDLEY G II  99482-555

SEQUENCE: 00349481
Report Date: 01-13-2023

| Facl | Assignment | Description | Start |
|---|---|---|---|
| VIM | ESL HAS | ENGLISH PROFICIENT | 09-19-2013 |
| VIM | GED HAS | COMPLETED GED OR HS DIPLOMA | 09-19-2013 |

**Education Courses**

| SubFacl | Action | Description | Start | Stop |
|---|---|---|---|---|
| VIM | C | BASIC GEOGRAPHY OF THE U S | 11-10-2022 | 11-17-2022 |
| VIM | C | INDEPENDENT STRESS | 10-13-2022 | 10-20-2022 |
| VIM | C | FILLING OUT FORMS 3 | 09-15-2022 | 09-22-2022 |
| VIM | C | T-SOLAR PANEL INSTALLER | 03-19-2022 | 08-30-2022 |
| VIM | C | FILLING OUT FORMS 2 | 08-18-2022 | 08-25-2022 |
| VIM | C | FILLING OUT FORMS 1 | 07-14-2022 | 07-21-2022 |
| VIM | C | HOW TO BE A BETTER FATHER | 06-09-2022 | 06-16-2022 |
| VIM | C | BEGINNERS MUSIC THEORY CLASS | 05-09-2022 | 06-13-2022 |
| VIM | C | MOTHER'S DAY HISTORY | 05-19-2022 | 05-26-2022 |
| VIM VETS | C | INDEPENDENT STUDY WORLD WAR II | 04-14-2022 | 04-21-2022 |
| VIM VETS | C | CHECK BOOK MATH | 03-17-2022 | 03-24-2022 |
| VIM VETS | C | PARENTING DURING/AFTER PRISON | 01-06-2022 | 01-20-2022 |
| VIM VETS | C | BEST FATHER YOU CAN BE | 12-09-2021 | 12-16-2021 |
| COP CHG | C | ABDOMINALS CLASS | 06-03-2021 | 06-24-2021 |
| COP | W | POST SECONDARY EDUCATION | 01-29-2014 | 03-06-2020 |
| COP | C | SOCCER SPORTS RULES | 01-24-2020 | 02-03-2020 |
| COP | C | FOOTBALL SPORTS RULES | 12-27-2019 | 12-31-2019 |
| COP | C | FOOTBALL SPORTS RULES | 06-10-2019 | 06-14-2019 |
| COP | C | THRESHOLD PARTICIPANT-SPANISH | 05-28-2019 | 05-29-2019 |
| COP | C | PRINCIPLES OF GODLY LEADERSHIP | 02-28-2019 | 05-15-2019 |
| COP | C | SOCCER SPORTS RULES | 03-04-2019 | 03-08-2019 |
| COP | C | MINOR LEAGUE SPORTS RULES | 02-04-2019 | 02-07-2019 |
| COP CHG | C | FOOTBALL SPORTS RULES | 09-18-2018 | 09-24-2018 |
| COP CHG | C | SOCCER SPORTS RULES | 01-08-2018 | 01-11-2018 |
| COP CHG | C | FIELS MAINTENANCE CLASS | 10-23-2017 | 11-02-2017 |
| COP CHG | C | ABDOMINALS CLASS | 10-16-2017 | 12-08-2017 |
| COP CHG | C | ADVANCED CIRCUIT TRAINING | 10-16-2017 | 12-08-2017 |
| COP CHG | C | FIELS MAINTENANCE CLASS | 10-16-2017 | 10-25-2017 |
| COP CHG | C | SOCCER OFFICIATING CLASS | 10-12-2017 | 10-19-2017 |
| COP CHG | C | FIELS MAINTENANCE CLASS | 06-19-2017 | 06-29-2017 |
| COP CHG | C | BEGINNING YOGA CLASS | 05-15-2017 | 07-15-2017 |
| COP CHG | C | SOCCER SPORTS RULES | 01-23-2017 | 02-23-2017 |
| COP CHG | C | INTERMEDIATE CIRCUIT TRAINING | 12-19-2016 | 02-10-2017 |
| COP CHG | C | BASKETBALL SPORTS RULES | 12-16-2016 | 01-05-2017 |
| COP CHG | C | PHOTO CLASS | 11-28-2016 | 11-29-2016 |
| COP CHG | C | MINOR LEAGUE SPORTS RULES | 07-15-2016 | 07-20-2016 |
| COP CHG | C | VT CULINARY ARTS | 11-06-2015 | 07-01-2016 |
| COP | C | TOURNAMENT MANAGEMENT CLASS | 05-27-2016 | 06-01-2016 |
| COP CHG | C | MINOR LEAGUE SPORTS RULES | 03-18-2016 | 03-27-2016 |
| COP CHG | C | SOCCER SPORTS RULES | 12-26-2015 | 12-31-2015 |
| COP CHG | C | SOCCER OFFICIATING CLASS | 11-19-2015 | 11-29-2015 |
| COP CHG | C | BASKETBALL SPORTS RULES | 11-19-2015 | 11-29-2015 |
| COP CHG | C | FIELS MAINTENANCE CLASS | 06-18-2015 | 06-27-2015 |
| COP CHG | C | SOCCER OFFICIATING CLASS | 07-10-2015 | 07-12-2015 |
| COP CHG | C | TOURNAMENT MANAGEMENT CLASS | 01-08-2015 | 01-09-2015 |
| COP CHG | C | SOCCER SPORTS RULES | 10-02-2014 | 10-04-2014 |
| COP CHG | C | SOCCER SPORTS RULES | 09-04-2014 | 09-06-2014 |
| COP CHG | C | TOURNAMENT MANAGEMENT CLASS | 05-22-2014 | 05-25-2014 |
| COP CHG | C | ACE REAL ESTATE CLASS | 02-19-2014 | 05-20-2014 |
| COP CHG | W | TUE-WED 7 30-3 30 VT CUST MAIN | 03-21-2014 | 04-09-2014 |
| COP | C | ACE INTRO FINANCE MW1830-1930 | 11-08-2013 | 02-20-2014 |
| COP | C | RPP HEALTH/NUTRITION #1 | 02-10-2014 | 02-10-2014 |



## Summary Reentry Plan - Progress Report
Dept. of Justice / Federal Bureau of Prisons
Plan is for inmate: EVANS, AUDLEY G II  99482-555

SEQUENCE: 00349481
Report Date: 01-13-2023

| SubFacl | Action | Description | Start | Stop |
|---------|--------|-------------|-------|------|
| COP | C | SPORTS RULES | 12-28-2013 | 01-07-2014 |

### Education Information Summary

Inmate Evans has participated in several education programs and classes. The only unit team recommendation would be for him to possibly look into college correspondence courses.

### Discipline Reports

| Hearing Date | Prohibited Acts |
|--------------|-----------------|
| 08-06-2014 | 310 : BEING ABSENT FROM ASSIGNMENT |

### Discipline Summary

Inmate Evans has not received any incident reports while housed at FCI I Victorville. He is not a management concern.

### ARS Assignments

| Facl | Assignment | Reason | Start | Stop |
|------|-----------|--------|-------|------|
| VIM | A-DES | TRANSFER RECEIVED | 12-02-2021 | CURRENT |
| COP CHG | A-DES | TRANSFER RECEIVED | 08-20-2013 | 11-22-2021 |

### Current Care Assignments

| Assignment | Description | Start |
|------------|-------------|-------|
| CARE1 | HEALTHY OR SIMPLE CHRONIC CARE | 08-23-2013 |
| CARE1-MH | CARE1-MENTAL HEALTH | 09-06-2013 |

### Current Medical Duty Status Assignments

| Assignment | Description | Start |
|------------|-------------|-------|
| C19-T NEG | COVID-19 TEST-RESULTS NEGATIVE | 12-08-2021 |
| NO PAPER | NO PAPER MEDICAL RECORD | 08-22-2013 |
| REG DUTY | NO MEDICAL RESTR–REGULAR DUTY | 08-23-2013 |
| YES F/S | CLEARED FOR FOOD SERVICE | 08-23-2013 |

### Current PTP Assignments

| Assignment | Description | Start |
|------------|-------------|-------|
| CHG COMP | CHALLENGE COMPLETED | 07-22-2015 |
| CHG PART | CHALLENGE PARTICIPANT | 05-06-2021 |
| RSW WAIT | RESOLVE WORKSHOP WAITING | 12-30-2022 |

### Current Drug Assignments

| Assignment | Description | Start |
|------------|-------------|-------|
| ED NONE | DRUG EDUCATION NONE | 09-11-2013 |
| NR COMP | NRES DRUG TMT/COMPLETE | 02-06-2019 |

### Physical and Mental Health Summary

Inmate Evans appears to be in good health physically and mentally.

### FRP Payment Plan

Most Recent Payment Plan

** NO FRP DETAILS **

### Financial Responsibility Summary

Inmate Evans has no financial obligations to satisfy.

### Release Planning

Due to inmate Evans sentence length of Life, his release planning is not required at this time. If he were to receive a sentence reduction, the unit team would inquire with him to provide a release residence.

### General Comments

---



**Summary Reentry Plan - Progress Report**
Dept. of Justice / Federal Bureau of Prisons
Plan is for inmate: EVANS, AUDLEY G II  99482-555

SEQUENCE: 00349481
Report Date: 01-13-2023

Name: EVANS, AUDLEY G II
Register Num: 99482-555
Age: 38
Date of Birth: 11-28-1984
DNA Status: COP02918 / 01-09-2014

Inmate  (EVANS, AUDLEY G II, Register Num. 99482-555)

Date  1/13/23

Chairperson

Date  1/13/23

Case Manager

Date

Summary Reentry Plan - Progress Report                Page 5 of 5



| | **Individualized Needs Plan - Program Review    (Inmate Copy)** | | SEQUENCE: 01843359 |
|---|---|---|---|
| | Dept. of Justice / Federal Bureau of Prisons | | Team Date: 10-13-2023 |
| | Plan is for inmate: EVANS, AUDLEY G II  99482-555 | | |

| SubFacl | Action | Description | Start | Stop |
|---|---|---|---|---|
| COP CHG | C | BASKETBALL SPORTS RULES | 12-16-2016 | 01-05-2017 |
| COP CHG | C | PHOTO CLASS | 11-28-2016 | 11-29-2016 |
| COP CHG | C | MINOR LEAGUE SPORTS RULES | 07-15-2016 | 07-20-2016 |
| COP CHG | C | VT CULINARY ARTS | 11-06-2015 | 07-01-2016 |
| COP | C | TOURNAMENT MANAGEMENT CLASS | 05-27-2016 | 06-01-2016 |
| COP CHG | C | MINOR LEAGUE SPORTS RULES | 03-18-2016 | 03-27-2016 |
| COP CHG | C | SOCCER SPORTS RULES | 12-26-2015 | 12-31-2015 |
| COP CHG | C | SOCCER OFFICIATING CLASS | 11-19-2015 | 11-29-2015 |
| COP CHG | C | BASKETBALL SPORTS RULES | 11-19-2015 | 11-29-2015 |
| COP CHG | C | FIELS MAINTENANCE CLASS | 06-18-2015 | 06-27-2015 |
| COP CHG | C | SOCCER OFFICIATING CLASS | 07-10-2015 | 07-12-2015 |
| COP CHG | C | TOURNAMENT MANAGEMENT CLASS | 01-08-2015 | 01-09-2015 |
| COP CHG | C | SOCCER SPORTS RULES | 10-02-2014 | 10-04-2014 |
| COP CHG | C | SOCCER SPORTS RULES | 09-04-2014 | 09-06-2014 |
| COP CHG | C | TOURNAMENT MANAGEMENT CLASS | 05-22-2014 | 05-25-2014 |
| COP CHG | C | ACE REAL ESTATE CLASS | 02-19-2014 | 05-20-2014 |
| COP CHG | W | TUE-WED 7:30-3:30 VT CUST MAIN | 03-21-2014 | 04-09-2014 |
| COP | C | ACE INTRO FINANCE:M/W1830-1930 | 11-08-2013 | 02-20-2014 |
| COP | C | RPP HEALTH/NUTRITION #1 | 02-10-2014 | 02-10-2014 |
| COP | C | SPORTS RULES | 12-28-2013 | 01-07-2014 |

## Discipline History (Last 6 months)

| Hearing Date | Prohibited Acts |
|---|---|

*\*\* NO INCIDENT REPORTS FOUND IN LAST 6 MONTHS \*\**

## Current Care Assignments

| Assignment | Description | Start |
|---|---|---|
| CARE1 | HEALTHY OR SIMPLE CHRONIC CARE | 08-23-2013 |
| CARE1-MH | CARE1-MENTAL HEALTH | 09-06-2013 |

## Current Medical Duty Status Assignments

| Assignment | Description | Start |
|---|---|---|
| C19-T NEG | COVID-19 TEST-RESULTS NEGATIVE | 12-08-2021 |
| NO PAPER | NO PAPER MEDICAL RECORD | 08-22-2013 |
| REG DUTY | NO MEDICAL RESTR--REGULAR DUTY | 08-23-2013 |
| YES F/S | CLEARED FOR FOOD SERVICE | 08-23-2013 |

## Current Drug Assignments

| Assignment | Description | Start |
|---|---|---|
| ED NONE | DRUG EDUCATION NONE | 09-11-2013 |
| NR COMP | NRES DRUG TMT/COMPLETE | 02-06-2019 |

## FRP Payment Plan

| Most Recent Payment Plan |
|---|

*\*\* NO FRP DETAILS \*\**

## FRP Deposits

Trust Fund Deposits - Past 6 months:   $2,314.75         Payments commensurate ?   N/A

New Payment Plan:    \*\* No data \*\*

## Current FSA Assignments

| Assignment | Description | Start |
|---|---|---|
| FTC INELIG | FTC-INELIGIBLE-REVIEWED | 11-15-2019 |
| N-ANGER N | NEED - ANGER/HOSTILITY NO | 10-11-2023 |
| N-ANTISO N | NEED - ANTISOCIAL PEERS NO | 10-11-2023 |
| N-COGNTV N | NEED - COGNITIONS NO | 10-11-2023 |
| N-DYSLEX N | NEED - DYSLEXIA NO | 05-28-2021 |
| N-EDUC N | NEED - EDUCATION NO | 10-11-2023 |



## Individualized Needs Plan - Program Review    (Inmate Copy)

Dept. of Justice / Federal Bureau of Prisons

Plan is for inmate: EVANS, AUDLEY G II  99482-555

SEQUENCE: 01843359

Team Date: 10-13-2023

| Assignment | Description | Start |
|---|---|---|
| N-FIN PV N | NEED - FINANCE/POVERTY NO | 10-11-2023 |
| N-FM/PAR N | NEED - FAMILY/PARENTING NO | 10-11-2023 |
| N-M HLTH N | NEED - MENTAL HEALTH NO | 10-11-2023 |
| N-MEDICL N | NEED - MEDICAL NO | 10-11-2023 |
| N-RLF Y | NEED - REC/LEISURE/FITNESS YES | 10-11-2023 |
| N-SUB AB Y | NEED - SUBSTANCE ABUSE YES | 10-11-2023 |
| N-TRAUMA N | NEED - TRAUMA NO | 10-11-2023 |
| N-WORK N | NEED - WORK NO | 10-11-2023 |
| R-LW | LOW RISK RECIDIVISM LEVEL | 10-11-2023 |

**Progress since last review**

Inmate completed Resolve Workshop and great Start Now. He is currently enrolled in the Challenge Program and Victor Valley College.

**Next Program Review Goals**

Enroll in two ACE/VT courses of your choice. Maintain your family ties and continue to write letters, make telephone calls and encourage visitors to come see you at least on a monthly basis.

**Long Term Goals**

Complete two ACE/VT courses of your choice and psychology 101 by 05/2024.

**RRC/HC Placement**



**Comments**

Current pt 7

Unofficial Transcript

Audley G. Evans, II
PO Box 1735
Adelanto CA 92301

| Course | Course Name | Grd | Att | Cmpl | Qual Pts | GPA |
|---|---|---|---|---|---|---|
| | Learning Strategies/Study Skil | A | 3.00 | 3.00 | 12.00 | 4.00 |
| | Interpersonal Communication | IP | 3.00 | | | |
| | Intro Business Organizations | IP | 3.00 | | | |
| | Term Totals | | 3.00 | 3.00 | 12.00 | 4.00 |
| | Cumulative Totals | | 3.00 | 3.00 | 12.00 | 4.00 |

END OF TRANSCRIPT

Audley,

Please see above for your unofficial Transcript. Excellent job in my course!

M. Record

Federal Correctional Complex
Victorville, CA



# Certificate of Completion

presented to

## Audley Evans

who has successfully completed the FSA course at
FCC Victorville

### Traumatic Stress & Resilience

July 19, 2023

Ms. Zayas, Doctoral Psychology Intern



# CERTIFICATE
## of ACHIEVEMENT

THIS ACKNOWLEDGES THAT

## AUDLEY EVANS

HAS SUCCESSFULLY COMPLETED THE

FEDERAL BUREAU OF PRISONS, FCC VICTORVILLE START NOW PROGRAM

08/09/2023

W. WALLER, TEACHER/





# CERTIFICATE
## of ACHIEVEMENT

THIS ACKNOWLEDGES THAT

# AUDLEY EVANS

HAS SUCCESSFULLY COMPLETED THE

FEDERAL BUREAU OF PRISONS, FCC VICTORVILLE START
**NOW PROGRAM**

08/09/2023

W. WALLER, TEACHER/

FL 107



## Individualized Needs Plan - Program Review    (Inmate Copy)

Dept. of Justice / Federal Bureau of Prisons

Plan is for inmate: EVANS, AUDLEY G II  99482-555

SEQUENCE: 01843359

Team Date: 10-13-2023

| | | | |
|---|---|---|---|
| Facility: | VIM  VICTORVILLE MED I FCI | Proj. Rel. Date: | UNKNOWN |
| Name. | EVANS, AUDLEY G II | Proj. Rel. Mthd: | LIFE |
| Register No.: | **99482-555** | DNA Status: | COP02918 / 01-09-2014 |
| Age: | 38 | | |
| Date of Birth: | 11-28-1984 | | |

### Detainers

| Detaining Agency | Remarks |
|---|---|
| | |

NO DETAINER

### Current Work Assignments

| Facl | Assignment | Description | Start |
|---|---|---|---|
| VIM | COMMISARY | COMMISARY DETAIL | 06-27-2022 |

### Current Education Information

| Facl | Assignment | Description | Start |
|---|---|---|---|
| VIM | ESL HAS | ENGLISH PROFICIENT | 09-19-2013 |
| VIM | GED HAS | COMPLETED GED OR HS DIPLOMA | 09-19-2013 |

### Education Courses

| SubFacl | Action | Description | Start | Stop |
|---|---|---|---|---|
| VIM | | VV ENGLISH 104 | 08-28-2023 | CURRENT |
| VIM | | VICTOR VALLEY PSYCH 101 | 07-14-2023 | CURRENT |
| VIM | | VV PSYCH 109 | 08-28-2023 | CURRENT |
| VIM | C | WRITING YOUR RESUME | 02-16-2023 | 02-23-2023 |
| VIM | C | BASIC GEOGRAPHY OF THE US | 11-10-2022 | 11-17-2022 |
| VIM | C | INDEPENDENT STRESS | 10-13-2022 | 10-20-2022 |
| VIM | C | FILLING OUT FORMS 3 | 09-15-2022 | 09-22-2022 |
| VIM | C | T-SOLAR PANEL INSTALLER | 03-19-2022 | 08-30-2022 |
| VIM | C | FILLING OUT FORMS 2 | 08-18-2022 | 08-25-2022 |
| VIM | C | FILLING OUT FORMS 1 | 07-14-2022 | 07-21-2022 |
| VIM | C | HOW TO BE A BETTER FATHER | 06-09-2022 | 06-16-2022 |
| VIM | C | BEGINNERS MUSIC THEORY CLASS | 05-09-2022 | 06-13-2022 |
| VIM | C | MOTHER'S DAY HISTORY | 05-19-2022 | 05-26-2022 |
| VIM VETS | C | INDEPENDENT STUDY WORLD WAR II | 04-14-2022 | 04-21-2022 |
| VIM VETS | C | CHECK BOOK MATH | 03-17-2022 | 03-24-2022 |
| VIM VETS | C | PARENTING DURING/AFTER PRISON | 01-06-2022 | 01-20-2022 |
| VIM VETS | C | BEST FATHER YOU CAN BE | 12-09-2021 | 12-16-2021 |
| COP CHG | C | ABDOMINALS CLASS | 06-03-2021 | 06-24-2021 |
| COP | W | POST SECONDARY EDUCATION | 01-29-2014 | 03-06-2020 |
| COP | C | SOCCER SPORTS RULES | 01-24-2020 | 02-03-2020 |
| COP | C | FOOTBALL SPORTS RULES | 12-27-2019 | 12-31-2019 |
| COP | C | FOOTBALL SPORTS RULES | 06-10-2019 | 06-14-2019 |
| COP | C | THRESHOLD PARTICIPANT-SPANISH | 05-28-2019 | 05-29-2019 |
| COP | C | PRINCIPLES OF GODLY LEADERSHIP | 02-28-2019 | 05-15-2019 |
| COP | C | SOCCER SPORTS RULES | 03-04-2019 | 03-08-2019 |
| COP | C | MINOR LEAGUE SPORTS RULES | 02-04-2019 | 02-07-2019 |
| COP CHG | C | FOOTBALL SPORTS RULES | 09-18-2018 | 09-24-2018 |
| COP CHG | C | SOCCER SPORTS RULES | 01-08-2018 | 01-11-2018 |
| COP CHG | C | FIELS MAINTENANCE CLASS | 10-23-2017 | 11-02-2017 |
| COP CHG | C | ABDOMINALS CLASS | 10-16-2017 | 12-08-2017 |
| COP CHG | C | ADVANCED CIRCUIT TRAINING | 10-16-2017 | 12-08-2017 |
| COP CHG | C | FIELS MAINTENANCE CLASS | 10-16-2017 | 10-25-2017 |
| COP CHG | C | SOCCER OFFICIATING CLASS | 10-12-2017 | 10-19-2017 |
| COP CHG | C | FIELS MAINTENANCE CLASS | 06-19-2017 | 06-29-2017 |
| COP CHG | C | BEGINNING YOGA CLASS | 05-15-2017 | 07-15-2017 |
| COP CHG | C | SOCCER SPORTS RULES | 01-23-2017 | 02-23-2017 |
| COP CHG | C | INTERMEDIATE CIRCUIT TRAINING | 12-19-2016 | 02-10-2017 |

Federal Correctional Complex
Victorville, CA



Certificate of Completion

presented to

Audley Evans

who has successfully completed the FSA course at
FCC Victorville

Traumatic Stress & Resilience

July 19, 2023

Ms. Zayas, Doctoral Psychology Intern



# Fort Leavenworth Vocational Barber College

## Fort Leavenworth, Kansas

Presents this

# Diploma

to

# AUDLEY G. EVANS II

Who has completed One Thousand Nine Hundred clock hours of vocational training in Barbering as required by the State of Kansas.

Given this Sixteenth day of April, Two Thousand Twelve.



Ms. Victoria Rajewski
Supervisor-Instructor

Matthew Sturgeon
Supervisor-Instructor

Mrs. Chiquita Hudson
Deputy Director

**Fort Leavenworth Vocational Barber College**
1301 N. Warehouse Road
Fort Leavenworth, Kansas 66027
Phone (913)758-3861

### Verification of Training

Date:   29-Mar-2012

Student Name   Audley G. Evans II

SSN:   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

Start Date:   29-Mar-2011
Completion Date:   19-Apr-2012

To whom it may concern:

This is to certify that Audley G. Evans II has completed One Thousand Five Hundred (1500)
clock hours of vocational training in the field of Barbering, covering phases as follows:

| CH | Subject | Grade | CH | Subject | Grade |
|---|---|---|---|---|---|
| 1 | Study Skills | 100.0 | 15 | Men's Haircutting & Styling | 100.0 |
| 2 | History of Barbering | 88.0 | 16 | Men's Hairpieces | 90.0 |
| 3 | Professional Image | 88.0 | 17 | Women's Haircutting & Styling | 92.0 |
| 4 | Bacteriology | 100.0 | 18 | Chemical Texture Services | 98.0 |
| 5 | Infection Control | 100.0 | 19 | Hair Coloring & Lightening | 97.5 |
| 6 | Implements, Tools and Equip | 100.0 | 20 | Nails & Manicuring | NA |
| 7 | Anatomy and Physiology | 85.0 | 21 | Barbershop Management | 80.0 |
| 8 | Chemistry | 100.0 | 22 | The Job Search | 80.0 |
| 9 | Electricity and Light Therapy | 100.0 | 23 | State Board Prep & Lic. Laws | 80.0 |
| 10 | Prop. & Disorders-Skin | 90.0 | X-2 | Kansas Rules & Regulations I | 96.0 |
| 11 | Prop. & Diorders-Hair/Scalp | 97.5 | Final | Kansas Rules & Regulations II | 84.0 |
| 12 | Treatment of the Hair & Scalp | 96.0 | Init | HIV-Hepatitis B  I | 100.0 |
| 13 | Men's Facial Massage & Trtmts | 92.5 | X-1 | HIV-Hepatitis B  II | 100.0 |
| 14 | Shaving and Facial Hair Des. | 88.0 | Init | Safety | 100.0 |

Total Grade Point Average of above listed areas               93.43
Vocational Barber College Written Test Grade                  88.20
Vocational Barber College Practical Test Grade                89.70

| No. | Phase | Hours |
|---|---|---|
| 1 | Orientation and Safety | 75 |
| 2 | Barbering Theory | 140 |
| 3 | Sanitation and Hygiene | 75 |
| 4 | Practical Experience | 1210 |
| 5 | **Additional O-J-T  (if any)** | 0 |
| | TOTAL | 1500 |

The following is a list of required
basic services completed for a grade:

| | |
|---|---|
| Shaves* | 198 |
| Scalp Manipulations* | 65 |
| Taper Haircuts* | 1470 |
| Facials* | 53 |
| Shampoos* | 64 |

* A minimum of 44 required for
certification



VICTORIA RAJEWSKI
BARBER SHOP SUPERVISOR

State of Kansas
County of Leavenworth
Subscribed and sworn to before me this
SEAL   30   day of   March   2012

Notary Public   MATTHEW T. JOHNSON
SSG, USA
Paralegal NCO



THE PROFESSIONAL DIVISION OF THE

INTERNATIONAL SPORTS SCIENCES ASSOCIATION HEREBY CERTIFIES THAT

*Audley G. Evans SOG*

HAS SUCCESSFULLY SATISFIED THE REQUIREMENTS OF THE CURRICULUM AND

IS HEREBY AWARDED THIS CERTIFICATE FOR THE COURSE OF

*Certified Fitness Trainer*

January 04, 2012
CERTIFICATION DATE

January 04, 2014
EXPIRATION DATE

2716551
CERTIFICATION ID NUMBER



SAL ARRIA, EXECUTIVE DIRECTOR

FRED HATFIELD, PRESIDENT





# ManageFirst

## National Restaurant Association

The National Restaurant Association

awards this certificate

to

**AUDLEY EVANS**

for mastering the competencies in

Principles of Food and Beverage Management 2.0

in the **ManageFirst** Program

Sherman Brown
Senior Vice President, National Restaurant Association Solution

©2015 National Restaurant Association Educational Foundation (NRAEF). All rights reserved. ManageFirst, the ManageFirst logo and ManageFirst Professional are trademarks or registered trademarks of the National Restaurant Association Educational Foundation, and used under license by the National Restaurant Association Solutions, LLC. The logo appearing next to ManageFirst is a trademark of the National Restaurant Association.

1410/2901 v.1404





## ManageFirst
### National Restaurant Association

The National Restaurant Association

awards this certificate

to

**AUDLEY EVANS**

for mastering the competencies in

Nutrition 2.0

in the **ManageFirst** Program

Sherman Brown

Senior Vice President, National Restaurant Association Solution

©2015 National Restaurant Association Educational Foundation (NRAEF). All rights reserved. ManageFirst, the ManageFirst logo and ManageFirst Professional are trademarks or registered trademarks of the National Restaurant Association Educational Foundation, and used under license by the National Restaurant Association Solutions, LLC. The logo appearing next to ManageFirst is a trademark of the National Restaurant Association.

I410290I v.I404



# ManageFirst™

## National Restaurant Association

The National Restaurant Association

awards this certificate

to

**AUDLEY EVANS**

for mastering the competencies in

Hospitality and Restaurant Management 2.0

in the **ManageFirst™** Program

Sherman Brown

Senior Vice President, National Restaurant Association Solution

©2015 National Restaurant Association Educational Foundation (NRAEF). All rights reserved. ManageFirst, the ManageFirst logo and ManageFirst Professional are trademarks or registered trademarks of the National Restaurant Association Educational Foundation, and used under license by the National Restaurant Association Solutions, LLC. The logo appearing next to ManageFirst is a trademark of the National Restaurant Association.

14f/C2901 v.1404





The National Restaurant Association

awards this certificate

to

**AUDLEY EVANS**

for mastering the competencies in

Controlling Foodservice Costs 2.0

in the **ManageFirst** Program

Sherman Brown

Senior Vice President, National Restaurant Association Solution

©2015 National Restaurant Association Educational Foundation (NRAEF). All rights reserved. ManageFirst, the ManageFirst logo and ManageFirst Professional are trademarks or registered trademarks of the National Restaurant Association Educational Foundation, and used under license by the National Restaurant Association Solutions, LLC. The logo appearing next to ManageFirst is a trademark of the National Restaurant Association.
14102901 v.14.04



**ManageFirst**
National Restaurant Association

The National Restaurant Association

awards this certificate

to

AUDLEY EVANS

for mastering the competencies in

Hospitality Human Resources Mgmt. & Supervision 2.0

in the **ManageFirst** Program

Sherman Brown
Senior Vice President, National Restaurant Association Solution

©2015 National Restaurant Association Educational Foundation (NRAEF). All rights reserved. ManageFirst, the ManageFirst logo and ManageFirst Professional are trademarks or registered trademarks of the National Restaurant Association Educational Foundation, and used under license by the National Restaurant Association Solutions, LLC. The logo appearing next to ManageFirst is a trademark of the National Restaurant Association.

I4102901 v.1404

# Emergency Management Institute



# FEMA

## AUDLEY G. EVANS, II

has reaffirmed through completion of the Emergency Management Institute's Professional Development Series a commitment to Standards of Excellence in Emergency Management.

## Certificate of Achievement

On this Day, 04 April 2011

**Superintendent (Acting)**
**Emergency Management Institute**

10825 South Seton Avenue, Emmitsburg, MD 21727  (301) 447-1200

# STUDENT TRANSCRIPT

**FEMA**

| | |
|---|---|
| **Last Name** | **First Name**   **MI**   **Student ID** |
| EVANS, II | AUDLEY      G      ***-**-3201 |
| **Issued:** July 02, 2012 | |

| Course Code and Title | | Completed | IACET CEUs* |
|---|---|---|---|
| IS-00001 | Emergency Program Manager An Orientation to the Position | | 1.0 |
| IS-00003 | Radiological Emergency Management | 12/13/2011 | 1.0 |
| IS-00005.a | An Introduction to Hazardous Materials | 02/17/2011 | 1.0 |
| IS-00007 | A Citizen's Guide to Disaster Assistance | 02/17/2011 | 1.0 |
| IS-00008.a | Building for the Earthquakes of Tomorrow | 02/17/2011 | 1.0 |
| IS-00022 | Are You Ready? An In-depth Guide to Citizen Preparedness. | 02/17/2011 | 1.0 |
| IS-00111 | Livestock in Disaster | 02/17/2011 | 1.0 |
| IS-00139 | Exercise Design | 02/17/2011 | 1.5 |
| IS-00208.a | State Disaster Management | 04/04/2011 | 1.0 |
| IS-00230.a | Fundamentals of Emergency Management | 04/04/2011 | 1.0 |
| IS-00235 | Emergency Planning | 03/14/2008 | 1.0 |
| IS-00240 | Leadership & Influence | 02/17/2011 | 0.9 |
| IS-00241 | Decision Making & Problem Solving | 02/17/2011 | 0.8 |
| IS-00242 | Effective Communication | 02/17/2011 | 0.8 |
| IS-00244 | Developing and Managing Volunteers | 02/17/2011 | 1.0 |
| IS-00279 | Retrofitting Flood Prone Residential Structures | 02/17/2011 | 1.0 |
| IS-00288 | Role of Voluntary Agencies in Emergency Mgmt | 02/17/2011 | 1.0 |
| IS-00301 | Radiological Emergency Response | 02/17/2011 | 1.0 |
| IS-00302 | Modular Emergency Radiological Response Transportation Training | 12/13/2011 | 1.0 |
| IS-00346 | Hazardous Materials for Medical Personnel | 02/17/2011 | 1.0 |
| IS-00386 | Introduction to Residential Coastal Construction | 02/17/2011 | 1.4 |
| IS-00393.a | Introduction to Hazard Mitigation | 02/17/2011 | 1.0 |
| IS-00394.a | Protecting Your Home or Small Business from Disaster | 02/17/2011 | 1.0 |
| IS-00630 | Introduction to the Public Assistance Process | 02/17/2011 | 0.2 |

********** End of Transcript **********

**Tony Russell**
*Superintendent*
*Emergency Management Institute*

\* One Continuing Education Unit (CEU) is equal to ten (10) student
contact hours using the guidelines of the American National
Standards Institute (ANSI) / International Association for Continuing
Education and Training (IACET) I-2007 Standard.



# Fort Leavenworth Vocational Barber College

## Fort Leavenworth, Kansas

Presents this

# Diploma

to

# AUDLEY G. EVANS II

Who has completed One Thousand Five Hundred clock hours of vocational training in Barbering as required by the State of Kansas.

Given this Sixteenth day of April, Two Thousand Twelve

Mrs. Chiquita Hudson
Deputy Director

Mr. Matthew Sturgeon
Supervisor-Instructor

Ms. Victoria Rajewski
Supervisor-Instructor



**THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE**

THANK YOU FOR YOUR MEMBERSHIP IN THE NAACP!

Membership in the NAACP means joining the leading civil rights organization in the nation. By lending your name and your energy to the NAACP, you stand with other members on the front line of change

You are now an important part of a network of hundreds of thousands of members and supporters throughout the nation. A stronger NAACP with a larger, more active membership is the best hope for ensuring equality and advancing our gains.

Now over 100 years old, the NAACP is persisting in its fight for equality. Members like you have helped the NAACP achieve the following recent victories:

* Curtail voter suppression
* Shed light on racial profiling and call for an end to "Stop and Frisk" policies
* Register a record number of voters and engage 1.2 million voters in 2012
* Bring more attention to health disparities like obesity and HIV
* Provide financial education, banking information, and combat discrimination
* Continue advocacy to repeal the death penalty, and much, much more.

As a member, you receive many benefits aside from the knowledge that you stand with other members seeking equality. You are entitled to:
* A subscription to The Crisis Magazine
* A vote for Annual Image Awards winners
* PerksCard Program* discounts and benefits, and more.

Thank you for joining the legacy dedicated to social justice and equality for all people. We appreciate your support. Visit www.naacp.org

*Please review the back of this letter for instructions on how to access your benefits through the Perks program.



NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE

**NAACP** MAKING DEMOCRACY WORK SINCE 1909

MEMBERSHIP CARD

Audley Evans 99482-555

**Membership Type**   Regular Membership
**Unit:**  5135-B   **Exp. Date**  2/29/2016
**Member Number:**   108455606-M

*Roslyn M Brock*
**Roslyn M Brock**
Chairman, National Board of Directors

Audley Evans 99482-555
Federal Corrections Complex P.O. Box 1033
Coleman, FL 33521

Important Registration Information located on the back!

4805 MOUNT HOPE DRIVE   BALTIMORE, MD 21215   WWW.NAACP.ORG   TELEPHONE 866-63-NAACP



# CERTIFICATE OF COMPLETION

## Tournament Management

### Evans, Audley

~For successfully completing all required course work and training for~

USP-1 Tournament Management~

June 1, 2016

S. Peterson Rec. Specialist

# CERTIFICATE OF ACHIEVEMENT

## THIS AWARD IS PRESENTED TO

### INTERNACIONAL 2014

### OVERALL SOCCER CHAMPIONS



J. ELKINS, RECREATION SPECIALIST

DATE: DECEMBER 2014

A. CLINTON, ASOR



# CERTIFICATE OF COMPLETION

## CIRCUIT TRAINING CLASS

**Audley Evans**

For successfully completing all required course work and training

For the Coleman's
Circuit Training Class

February 10, 2017

An apple a day keeps the doctor away

*D. Barton MS*

D. Barton, Recreation Specialist

# CERTIFICATE OF COMPLETION
## PHOTO CLASS

*Audley Evans*



~For successfully completing all required course work and training for

USP-1 Photo class~

November 29, 2016



M. Franco, Rec. Specialist

# CERTIFICATE OF COMPLETION

## BEGINNERS YOGA CLASS



Audley Evans

For successfully completing all required course work and training

For the Coleman's
Beginners
Yoga Class

July 14, 2017



FITNESS

D. Barton, Recreation Specialist

# CERTIFICATE OF COMPLETION FIELD MAINTENANCE CLASS

Is

Awarded to

## Audley Evans

~For successfully completing all required course work and training for

USP~1 Field Maintenance Class~

July 03, 2017

M. MOORE, REC. SPECIALIST

# CERTIFICATE OF COMPLETION

## Soccer Officiating Class

### Audley Evans



For successfully completing all required course work and training

For the Coleman's USP 1

OCTOBER 19TH, 2017

S.Peterson, Recreation Specialist



# CERTIFICATE OF COMPLETION

## FIELD MAINTENANCE

**AUDELY EVANS**

For successfully completing all required course work and training

For the Coleman's USP 1

OCTOBER 25, 2017

S. Peterson, Recreation Specialist

# CERTIFICATE OF COMPLETION

## FIELD MAINTENANCE

### AUDELY EVANS

For successfully completing all required course work and training

For the Coleman's USP 1

NOVEMBER 2, 2017



S.Peterson, Recreation Specialist

# CERTIFICATE OF COMPLETION
## ADVANCED CIRCUIT TRAINING CLASS

**Audley Evans**

For successfully completing all required course work and training
for the Coleman's USP 1 Recreation Department

Advanced
Circuit Training Class

December 08, 2017

FITNESS

D. Barton, Recreation Specialist



13:10



## DESCRIPTION

The Challenge Program is a cognitive behavioral, residential treatment program developed for male inmates in the United States Penitentiary (USP) settings. The Challenge Program provides treatment to high-security inmates with substance use problems and/or mental illnesses. Programming is delivered within a modified therapeutic community (MTC); inmates participate in interactive groups and attend community meetings while living in a housing unit separate from the general population. In addition to treating substance use disorders and mental illnesses, the program addresses criminality, via cognitive behavioral challenges to criminal thinking errors.

The Challenge Program is available in 13 high security institutions. Inmates may participate in the program at any point during their sentence; however, they must have at least 18 months remaining on their sentence. The duration of the program varies based on inmate need, with a minimum duration of nine months.

An inmate must meet one of the following criteria to be admitted into the Challenge Program:
- A history of drug use as evidenced by self-report, Presentence Investigation Report (PSI) documentation or incident reports for use of alcohol or drugs.
- A serious mental illness as evidenced by a current diagnosis of a psychotic disorder, mood disorder, anxiety disorder, or severe personality disorder.

## HOURS
500 hours of EBRR program credit.

## LOCATIONS

| | | | |
|---|---|---|---|
| USP Allenwood | USP Atwater | USP Beaumont | USP Big Sandy |
| USP Canaan | USP Coleman I & II | USP Hazelton | USP Lee |
| USP McCreary | USP Pollock | USP Terre Haute | USP Tucson |

## NEEDS
Anger/Hostility, Antisocial Peers, Cognitions, Mental Health, and Substance Use

## PROGRAM DELIVERY
To ensure program fidelity and proper credit, the **Challenge Program** must only be delivered by Psychology Services staff.

**Bureau of Prisons**
**Psychology Services**
**Challenge -Treatment Summary**

**\*\*SENSITIVE BUT UNCLASSIFIED\*\***

| | | | | | | |
|---|---|---|---|---|---|---|
| Inmate Name: | EVANS, AUDLEY G II | | | | Reg #: | 99482-555 |
| Date of Birth: | 11/28/1984 | Sex: | M | Facility:  COP | Unit Team: | H CHG UNIT |
| Date: | 07/23/2015 16:35 | Provider: | Garcia-Hernandez, Ariel CTS | | | |

**Diagnostic Impression**

Axis I: Adult Antisocial Behavior, Z72.811 - Current, Chronic, Initial
Alcohol Use Disorder: Moderate, F10.20*a, History/Resolved, Initial

**Psychosocial History**

Mr. Evans, Audley G II entered the Challenge Program on 4/14/2014 and successfully completed the Challenge Program on July 22, 2015.  He is thirty year old Black male. Mr. Evans was born in Houston, Texas on November 28, 1984, to the married union of Jacinth Evans and Audley Evans G. He reported one brother from this union and another two siblings from his father side. He is single with no children. He reported being raised by his biological parents. Inmate Evans reported having an excellent relationship whit both parents and his younger brother. He interacts with his family on a regular basis and they are a positive influence in his life. He states there were no significant issues during his childhood. Inmate Evans has a High School Diploma and there have been no issues during his high school years. Inmate Evans is serving a life sentence for his current offense of Conspiracy to Commit Murder and Premeditated Murder. When asked as to why he is incarcerated, he stated, "I made bad decisions led by wrong judgment and negative thinking." He stated this is his first time in prison and it was his first offense at the age of 20.   Inmate Evans reported first drinking alcohol at 19 years old. He stated he used alcohol weekly from 19-20 years old. He reported weekly consumption that usually ended in intoxication. He reported enjoying using alcohol and stated "I always had fun." He stated he did not know when he lost control.

**Course of Treatment**

Inmate Evans' assessment indicated his treatment should address his use of alcohol and his antisocial behavior. He was struggled whit Power Orientation and Entitlement.  Inmate Evans was accepting to the program goals and quickly adhered to the program philosophy and challenges for self-change. Mr. Evans was a regular participant in group discussions and would occasionally assist others in opening the topics for discussion in group sessions. Mr. Evans was receptive to the information provided by the treatment team and demonstrated a commitment to change.  He has a friendly demeanor and relates well to his peers and to staff. He provides assistance to participants who are beginning to learn the program material by spending time helping them to learn the information.  He now realizes he needs to involve himself in positive activities. He involves himself in Challenge Program activities.  Inmate Evans stated he no longer has a desire to use alcohol or participate in criminal activity. He indicated he has diminished his irrational thinking tremendously while in the program and now uses the five cues of rational thinking to make decisions.  He wishes to return to the society and spend his time with his significant other.  By the end of his treatment he was observed to be a leader who provided honest feedback to others. He completed all homework assignments and arrived to group dressed appropriately and was rarely tardy for group. His behavior in the unit is consistent with the Eight Attitudes of Change. He has not received any incident report or negative attitude checks. He has learned how to stop, think, listen, and plan before acting. He is proficient in using RSA's and is assertive in using feedback and structured confrontation skills. Overall, his progress in the program was considered to be remarkable.

**Strengths and Weaknesses**

STRENGTHS: Inmate Evans is an interpersonally engaging individual with good communication skills. He identified the following strengths to maintain his success: good active listening skills, stress management, anger management, coping skills, identifying triggers for relapse, exit strategies, criminal thinking errors, attitudes of change, and the ability to complete RSA's. He has been observed treating others according to the ideals of the Challenge Program. These strengths will benefit him as he reintegrates with the institutions general population and back in society.
WEAKNESSES: Inmate Evans continues to face challenges with Open-mindedness. He continues to learn a more positive ways to be receptive to ideas, suggestions, or consecutive feedback. Mr. Evans has a history of alcohol use and may be at risk for difficulties as he attempts to restrain from environmental triggers. He has identified situations and behaviors that trigger his desire to use alcohol but in the past has exhibited counterproductive behaviors. Inmate continues to struggle with issues surrounding guilt and shame. He will need to continue to enroll in any self-help groups being offered in the Bureau of Prisons to assist in these areas.

**Recommendations for Further Treatment**

Inmate Evans Recovery Maintenance Plan discussed the following preventions for relapse: damaging attitudes, lifestyle

| Inmate Name: | EVANS, AUDLEY G II | | | Reg #: | 99482-555 |
|---|---|---|---|---|---|
| Date of Birth: | 11/28/1984 | Sex: | M | Unit Team: | H CHG UNIT |
| Date: | 07/23/2015 16:35 | Provider: | Garcia-Hernandez, Ariel CTS | Facility: | COP |

imbalance, increased discomfort/conflict, urges and craving, high-risk situations, and single use of any mind altering drug. It is crucial for him to avoid these and use previously identified coping strategies to manage these relapse warning signs. Mr. Evans identified specific attitudes which he needs to continue to address. This includes Objectivity; learn a more positive ways of expressing/dealing with facts or conditions as perceived without distortion by personal feelings, prejudice, or interpretations. He identified the Criminal Thinking Errors which are likely to be problematic for him, specifically Power Orientation and Entitlement. He would benefit from participation in AA, and completion of his college education, which could be used upon release from prison to gain employment.  It is recommended inmate Evans continue the practice of daily Attitude Checks and RSAs if necessary to address issues as they arise. Also he should structure his daily activities to reduce his exposure to peers who engage in criminal activity or substance use.

**Prognosis**

The prognosis for inmate Evans is very positive. He has demonstrated a sustained ability to do the right thing over an extended period of time. He has demonstrated adherence to the Eight Attitudes of Change, curbed his use of thinking errors, and maintained a positive attitude. His ability to do these things predict well for his future progress and success. It is expected he will continue to grow as a responsible individual.

Completed by Garcia-Hernandez, Ariel CTS on 07/23/2015 16:40

**Reviewed by Mouriz, Javier PhD on 08/21/2015 14:22**



**KANSAS BOARD OF BARBERING**

700 SW Jackson, Suite 1002     Topeka, KS 66603-3811

(785) 296-2211

# KANSAS BARBER LICENSE

THIS IS TO CERTIFY

No. 20418

That _Audley Evans_

City of _Palm Bay, FL_ _____ in the

_____ in the State of Kansas, is duly registered as a BARBER.

Please renew between ___4-1-2023___ and ___6-30-2023___

The Law provides that this barber license must be displayed in a conspicuous place adjacent to your work station.

Date of Issue: ___5-17-2022___

*This barber license is not transferable.*





_Victoria A. Ranck_
CHAIRMAN OF THE BOARD

_Carol Angela L. Cage_
ADMINISTRATOR

# CERTIFICATE OF COMPLETION

Federal Correctional Complex

VICTORVILLE EDUCATION DEPARTMENT

certifies that

## Audley Evans

Has satisfactorily completed 10 participation hours in

**Independent Study – Being the Best Father You Can Be**

December 16ᵗʰ, 2021

L. Contreras, Program Coordinator

# CERTIFICATE OF COMPLETION

Federal Correctional Complex

VICTORVILLE EDUCATION DEPARTMENT

certifies that

## Audley Evans

Has satisfactorily completed 10 participation hours in

**Independent Study – Parenting During and After Prison**

January 20ᵗʰ, 2022



L. Contreras, Program Coordinator

# CERTIFICATE OF COMPLETION

Federal Correctional Complex

VICTORVILLE EDUCATION DEPARTMENT

certifies that

## Audley Evans

Has satisfactorily completed 10 participation hours in

**Independent Study – Check Book Math**

March 24th, 2022

L. Contreras, Program Coordinator



# Certificate of Achievement

Federal Correctional Complex
VICTORVILLE EDUCATION DEPARTMENT

This certifies that

**Audley Evans**

has satisfactorily completed

**Independent Study—World War II**

Consisting of ___ 10 ___ Hours of Training

This certificate is hereby issued this ___ 21th ___ day of ___ April ___, 20 ___ 22 ___

L. Contreras, Program Coordinator

F. Ansari, ASOE

# Certificate of Achievement

Federal Correctional Complex

VICTORVILLE EDUCATION DEPARTMENT

This certifies that

## Audley Evans

has satisfactorily completed

## Independent Study – Mother's Day's Dark History

Consisting of ___10___ Hours of Training

This certificate is hereby issued this ___26th___ day of ___May___, 20 ___22___

L. Contreras, Program Coordinator

F. Ansari, ASOE





# Victor Valley College

In accordance with standards of educational excellence put forth by Victor Valley College, the institution does hereby grant this Certificate of Completion to

## Audley Evans

concerning all phases of programmatic instruction for

**Solar Photovoltaic Installation**

Granted this 18th day of August in the year 2022

_Bruce Painter_

Contract Education Program Instructor

Audley G. Evans #99482-555
Federal Correctional Complex USP-1
P.O. Box 1033
Coleman, Fl. 33521-1033


RE:   LETTER OF ENDORSEMENT


    This is a Letter of Endorsement on behalf of Mr. Audley G.
Evans #99482-555, currently an inmate of the Federal Bureau Of
Prisons, who is seeking a reduction to his sentence.

    I, among others, in the interest of support, would like to
corroborate and affirm as to the character and moral foundation
of Mr. Evans. He has my continuous support and assistance emotion-
ally, morally, financially, or otherwise, if and when he needs
it. He has earned my trust, confidence and belief that he will
continue to grow as a person, be a loving son and confidant to
his family and friends, and be an active and beneficial member
of our community and society.

    I am in full support of consideration regarding a reduction
in sentence for Mr. Evans, and I believe he will have a successful
and productive return to society.


                              Thank you for your consideration,

LETTER OF ENDORSEMENT FOR MR. AUDLEY G. EVANS
(#99482-555)

| NAME | OCCUPATION | SIGNATURE |
|------|-----------|-----------|
| AUDLEY G. EVANS | RETIRED | CF Evans |
| JACINTH N. EVANS | COLLECTION MANAGER | DN Evans |
| ALLAN F. EVANS | INSURANCE AGENT. | Allan Evans |
| KENNETH R. HENRY | ACCOUNTING PROFESSOR | |
| Marcella Y Henry | Compliance OFFICER | m Henry |
| GEOFFREY MURRAY | RETIRED | G M |
| Dorothy CHUNG | Dorothy Chung | Dorothy Chung |
| Phyllis Eyerkuss | Retired | Phyllis Eyerkuss |
| Jenhetta Parnell | Medical Cooler | Jenhetta Parnell |
| Hermina Parnell | Retired | Hermina Parnell |
| Sandra Parnell | Registered Nurse | Sandra Parnell |
| Yanchis Ridon | Retired | Yanchie Richards |
| Paula Richardson | C N A | Paula Richardson |
| Veronica Ridon | C N A | V R |
| Rhea Stickey | Retired | Rhea Sta |
| Rita Steward. | Retired | Rita Steart |
| DOUGLAS REINCOURT | STUDENT | D Reincourt |
| Sue Walker | ACCOUNTANT | Sue Walker |
| VALRIE STEWARTSON | NURSE | V S |
| Debrah Donovan | C.S. Manager | D |
| Nora Donovan | Retired | Nora Donovan |
| Diane Neuyville | Postal Worker | |
| Fitzroy Neuyville | Zoo Keeper | Fitzroy Parnell |
| Stephan Neuyville | Student | S. Neuyille |

## LETTER OF ENDORSEMENT FOR MR. AUDLEY G. EVANS
### (#99482-555)

| NAME | OCCUPATION | SIGNATURE |
|---|---|---|
| Renoi Occeus | Enrol Agent | |
| MELROSE Occeus | Nurse | |
| Taryn Mays | Teller (Bank) | |
| Joshua Kiel | Security Officer | |
| Millicent Randall | Psych. TECH. | |
| Reneé Bryant | DISABLED | |
| Jean Matthew Wedderburn | Deli Clerk | Jean Matthew Wedderburn |
| Jerome A. Mays | Security Officer | |
| A. Fowler Anderson | Relationship Banker | |
| LORNA V BENT | Nurse | LORNA V Bent |
| Sasha Kiel | Executive Assistant | |
| David Kiel | Branch Manager | |
| Graeme Wedderburn | Police Officer | |
| BENIS F. NEITA | HARd WORKeR | Bens M. Neita |
| Audley Reita | Retired, | |
| CLEOPATRA N. BROWN | C.N.A. | Cleopatra Brown |
| Heather Blanfield | Payroll Administrator | Heather Blanfield |
| Karen Abdul | Registered Nurse | |
| Avia Abdul | Counselor (School) | |
| Andrea Mitchell | Financial Specialist/Hospice | Andrea Mitchell |
| Mitchell | Business Owner | |
| Jethro Occeus | Auditor | |
| JOY RUSSELL | RETIRED | JxRussell |
| EVRITT NELSON | PAINTER | Evritt Nelson |

LETTER OF ENDORSEMENT FOR MR. AUDLEY G. EVANS
(#99482-555)

| NAME | OCCUPATION | SIGNATURE |
|------|-----------|-----------|
| Tanya McKenzie | CNA | McKenzie |
| Yanchie Leeford Jr | | |
| Tressie Morris | CAN | Tressie Morris |
| Karleen Richardson | Retired | Karleen Richardson |
| Alison Cunningham | Retired | Alison Cg |
| Aldwin Brown | Retired | Aldwin Brown |
| Eldwin Brown | Retired | Eldwin Brown |
| Danny Brown | Retired | Danny Brown |
| Alyssa Charley | Photographer | Alyssa Charley |
| Curt Cunningham | Teacher | Curt Cunningham |
| Clyne Cunningham | Teacher | Clyne Cunningham |
| Wilton Gumbs | Carpenter | Wilton Gumbs |
| Andrew Gumbs | CNA | |
| Lorna Gumbs | CNA | Lorna Gumbs |
| Kevin Jones | Carpenter | Kevin Jones |
| Bruce Connor | Boat Captain | Bruce Connor |
| Alvin Carter | Business Man | |
| Neval Connor | Sailor | Neval Connor |
| Ron Sanck | Mechanic | Ron Sanck |
| Jackie Warner | Hair Dresser | Jackie Warner |
| Rexian Warner | Postal Worker | Rexian Warner |
| Eddie Kelly | Stock Broker | Eddie Kelly |
| Kennedy Vanhooven | Pastor (minister) | |
| Tyrone Hodge | Teacher | Tyrone Hodge |

LETTER OF ENDORSEMENT FOR MR. AUDLEY G. EVANS
(#99482-555)

| NAME | OCCUPATION | SIGNATURE |
|---|---|---|
| Damian Nelson | Inventory Manager | |
| Janneita Nelson | H. H. A | Janneita Nelson |
| Andrea Waters Nelson | Front Desk Supervisor | Andrea Waters Nelson |
| Georgia Haines | Dispatcher - EMS | Georgia Haines |
| Amy Nelson | RN | |
| Clara Nelson | Teacher | |
| Michael Nelson | Taxi Owner & Operator | |
| Everton Nelson | Business Manager | |
| Lancelot Gibson | Taxi Driver | |
| Winston Wareham | Taxi Driver | |
| Garfield Pascall | Taxi Engineer | |
| Youssouf Ndiaye | Real Estate Agent | |
| Joy Evans | Clerical Assist | |
| Larrah Randall | Construction management | |
| Vanroie Randall | Min. of Religion | |
| Claire Garwood | Business Manager | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

LETTER OF ENDORSEMENT FOR MR. AUDLEY G. EVANS
(#99482-555)

| NAME | OCCUPATION | SIGNATURE |
|------|-----------|-----------|
| JOAN WALKER | MASSAGE THERAPIST | |
| Karen Tennant | Retail Associate | Karen Tennant |
| Breadshaw Tennant | Fire Fighter / Paramedic | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

LETTER OF ENDORSEMENT FOR MR. AUDLEY G. EVANS
(#99482-555)

| NAME | OCCUPATION | SIGNATURE |
|---|---|---|
| Seymour R. Nelson Sr. | Taxi Owner Operator | *(signature)* |
| DESMOND NELSON | WEILDER | *(signature)* |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |



**DEPARTMENT OF THE ARMY**
UNITED STATES DISCIPLINARY BARRACKS
1301 NORTH WAREHOUSE ROAD
FORT LEAVENWORTH, KANSAS 66027-2304

PMCC-DB                                                            30 October 2012

MEMORANDUM FOR PRESIDENT OF THE BOARD, U.S. Navy Clemency & Parole Board, Navy Council of Personnel Boards, Washington Navy Yard, 720 Kennon Street SE, Room 309, Washington, DC 20374-5023

1. My name is CH (LTC) Steven Mark Jones. I am writing this letter on behalf of Mr. Audley Evans #82785. I am the Director of the Directorate of Pastoral Care (DPC), United States Disciplinary Barracks (USDB), Fort Leavenworth, KS.

2. It is my pleasure to present to you an exceptional member of the USDB congregation, Mr. Audley G. Evans. Mr. Evans is a graduate of the inaugural class of FranklinCovey's *The 7 Habits on the Inside*. The *7 Habits on the Inside* is described by FranklinCovey to be "one of the most important and meaningful courses [the incarcerated] will ever take." Already in prisons in Colorado and Florida, this course has helped thousands understand and implement principles of integrity, proactivity, and other key principles with the goal of helping attendees achieve their highest potential inside and outside. I personally selected him for this culture-changing endeavor.

3. I can personally attest to the transformation of Mr. Audley Evans. Upon my arrival he was confined in the Special Housing Unit (SHU). After taking responsibility for his behavior and decisions, he made a concerted effort to change. He made a personal confession of faith (I was privileged to conduct his baptism) and accepted my invitation to attend the first *7 Habits on the Inside* course. Mr. Evans was one of three graduates selected to speak during graduation. His transformation has been so remarkable that with his consent I shared his story at the 2012 American Corrections Academy Annual Training Program. Mr. Evans has become a stabilizing leader within the community as well as a model of transformation.

4. Mr. Evans has taken every opportunity to improve his knowledge during his incarceration. Although he is not a member of the chapel detail team, he always makes himself available to help and assist the chapel staff in making the service conducive to all that attends. I endorse his request for clemency and will endorse his parole request when appropriate.


STEVEN MARK JONES
CH (LTC) USA
Director of Pastoral Care



U. S. Department of Justice

Federal Bureau of Prisons

Federal Correctional Complex

---

United States Penitentiary
P. O. Box 1023
Coleman, Florida 33521-1023

March 17, 2016

To whom it may concern,

My name is Dr. Javier Mouriz and I am a psychologist at the Federal Correctional Complex in Coleman, Florida.  I am writing this letter on behalf of inmate Audley Evans, Register Number 99482-555, who is seeking a reduction to his sentence.  Please feel free to share this letter with whomever you believe is in a position to make a decision regarding his case.

I first came to know Inmate Evans in August 2013 when he was assigned to USP-1 Coleman. Soon after his arrival, he sought admittance to the Challenge Program.  The Challenge Program is a voluntary, year-long, residential treatment program designed to help offenders improve their rational thinking skills and address a history of alcohol/drug use.  As the coordinator, I supervised his treatment in the program.

Inmate Evans completed the Challenge Program in July 2014.  He was an active participant in his treatment and genuinely worked to improve his character.  He acknowledged the errors in the thinking patterns which led to his incarceration and demonstrated during treatment how he had changed.  For example, he has renounced violence and has interacted harmoniously with other participants in the unit in a noticeable manner.  Since the completion of his treatment, he has continued to reside in the treatment unit as a mentor/instructor and acknowledges he continues to work on improving his rational thinking skills.  He has been placed in the role of mentor due to the assessment by staff he is a positive role model for other inmates.

Inmate Evans adjusted poorly to prison initially after his confinement at the United States Disciplinary Barracks in Leavenworth, Kansas. Due to this poor adjustment he was transferred to the Federal Bureau of Prisons (BOP). Since his placement in the BOP, he has taken his rehabilitation seriously and has had only one minor infraction for missing an appointment. His decision to enroll in, complete, and serve as a mentor in the Challenge Program speaks to his improving maturity and commitment to internalizing prosocial values.

In addition to good conduct, inmate Evans has a very steady work history. He has worked in the same job assignment since his arrival at this facility. He has availed himself of learning opportunities and has received a state license as a barber. He is enrolled in a correspondence bachelor's degree program with New Freedom College which is coordinated by the BOP's Education Department. He has remained in close contact with his family members via phone, mail, e-mail, and regular visits.

I am in support of consideration regarding a reduction in sentence for inmate Evans under the stipulation he continues to demonstrate sustained change. He has worked to change the character defects which led to his incarceration and continues to engage in rehabilitation through his role as a mentor. He has marketable skills, a good work ethic, good family relations, and the support to successfully return to society.

If you have any questions about this letter, please feel free to contact me at 682-689-6210.

Sincerely,

Javier Mouriz, Phd
Challenge Program Coordinator

Audley G. Evans #99482-555
Federal Correctional Complex USP-1
P.O. Box 1033
Coleman, Fl. 33521-1033


**RE:  LETTER OF ENDORSEMENT**

This is a Letter of Endorsement on behalf of Mr. Audley G. Evans #99482-555, who is seeking a reduction to his sentence.

During the time that I have known Mr. Evans, he has displayed an exceptional amount of responsibility, open-mindedness, honesty and gratitude, qualities that are rare in a penitentiary environment.  His positive personality, manner and character makes his interaction with staff pleasant and acceptable, which makes him an ideal role model for other inmates.

I am in support of consideration regarding a reduction in sentence for Mr. Evans, and I believe he will have a successful and productive return to society.



Thank you for your consideration,

ENDORSEMENT OF MR. AUDLEY G. EVANS
(Inmate #99482-555)

| PRINT NAME | JOB POSITION | SIGNATURE |
|---|---|---|
| J. Potts | Senior Officer Specialist | |
| V. Greams | Senior Officer Specialist | |
| D. Tremblen | Communications Technician | |
| P. Hart | Recreation Specialist | |
| M. Moore | RECREATION SPECIALIST | |
| M. Rivera | Senior Officer Specialist | |
| J. Bouma | Senior Officer | |
| C. Padial | Senior Officer Specialist | |
| E. Wilson | Drug Treatment Specialist | |
| R. Phillips | Senior Officer | |
| J. Dwyer | Senior Officer Specialist | |
| M. Sutter | Lieutenant | |
| Therrijual | Cook Supervisor | |
| M. Parson | S.O.S | |
| R. Vamos | SOS | |
| R. Bowers | SOS | |
| S. Peterson | Rec Spec | |
| T. WISE | Senior Officer Specialist | |
| N. LoSolo | Senior Officer | |
| C. Frisk | Lieutenant | |
| E. Spann | Senior Office | |
| M. Ashmeade | Senior Officer | |
| A. JONES | COOK FOREMAN | |
| T. Human | Cook Foreman | |

ENDORSEMENT OF MR. AUDLEY G. EVANS
(Inmate #99482-555)

| PRINT NAME | JOB POSITION | SIGNATURE |
|---|---|---|
| K Hampton | Case Manager | KX50 |
| M. Rodriguez | S.O | |
| T. Brooks | S.O | |
| L. Turner | C.O | |
| Bob Wright | C.O. | Bob Wright |
| E. Perry | S.O. | |
| A. Turner | Lt. | |
| T. Hamwerb | S.O. | |
| S. McNeary | SENIOR OFFICER SPECIALIST | |
| D. Ayers | S.O | |
| A. Williams | Psychology Tech | |
| A. Guerrero | Senior Officer Specialist | |
| G. Walker | C.O. | |
| N. Andrews | Material Handler Supervisor | |
| M. Ramirez | S/O | |
| V. Jones | Trust Fund | |
| M. Davis | C/O | |
| J. Upham | C/O | |
| J. Rosado | S.O | |
| A. Kenerica | Recreation Specialist | |
| M. Franco | Recreation Specialist | |
| E. Avila | Teacher | |
| N. Parkinson | C/O | |
| T. Jones | C/O | |

## ENDORSEMENT OF MR. AUDLEY G. EVANS
(Inmate #99482-555)

| PRINT NAME | JOB POSITION | SIGNATURE |
|---|---|---|
| M. James | Correction Officer | *(signature)* |
| L. Williams | C.O. | *(signature)* |
| B. Blackmor | Lieutenat | *(signature)* |
| S. Williams | cook supervisor | *(signature)* |
| L. Baker | Correction officer | *(signature)* |
| C. Adams | Correction Officer | *(signature)* |
| S. Londono | Education Technician | *(signature)* |
| D. Kuilan | material Handler Supt. | *(signature)* |
| L. Taylor | Senior Correctional Offr. | *(signature)* |
| K. Ahamad | Lieutenant | *(signature)* |
| I. Johnson | S.O.S | *(signature)* |
| T. Parrijn | Senior Correctional Office | *(signature)* |
| J. Zumaeta | SENIOR OFFICER SPECIALIST | *(signature)* |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

To Whom It May Concern:

My name is Junior Andrew Nelson and I'm writing on behalf of my cousin, Audley Evans, and how great a cousin I remembered him to be.

My background is in Project Management and throughout my career I have worked within large companies within NYC. Estée Lauder, Experian, WebMD, HealthFirst and latest Bloomberg. I've been with most companies 3-5 years and with Bloomberg close to 2 years, still employed. I received awards in innovation and team achievement at several employers.

I have known Audley ever since he was young as I was his older cousin from New York. I vividly recall my memories with him of a positive, loving experience. We would run around and play, do kickball, swim, and other fun kids stuff. He would smile a lot with his perfect smile and he would genuinely speak to you. I remember him being close to all the cousins as we saw him as a leader.

I'm requesting the commander to consider my statement in arriving at the appropriate disposition. He misses his family and we miss him.

Thanks for letting me share my history and thoughts on my cousin, Audley Evans.

Mr. Junior Andrew Nelson

Sasha Kiel
145 Catania Way
Royal Palm Beach, Fl 33411


Sept. 5, 2023


Subject: Parole for Audley Evans II

To Whom It May Concern,

I am writing this letter on behalf of Audley George Evans II who is currently incarcerated at FCI #1, Victorville. He is currently serving a very long sentence for the unfortunate incident that resulted in a loss of life. I am aware that the decision of parole holds significant weight, and I would like to present Audley's remorse, rehabilitation efforts, and potential for a positive reintegration into society.

My name is Sasha Kiel, Audley's 1st and eldest cousin. I am a Senior Registered Sales Associate at Wells Fargo Advisors and have been in the industry of Wealth Management and Finance, on the Island of Palm Beach, Fl. for 25 years. During my tenure, I've acquired my Series 7 Brokerage License, Series 66 Registered Representative License, Series 63 State License, and my Insurance Licenses. I have had the pleasure of aligning with high-net-worth clients, assisting with stock/bond purchases and strategic money movements to enhance their portfolios for many years.

I have had the privilege of knowing Audley for his entire life of (soon to be) 39 years. I was there when he was born into our family, and sadly was heartbroken when he was taken away from it. I have remained in connection with Audley since the beginning of his terrible ordeal as not only a proverbial "shoulder to cry on," but also as a sounding board, support system, and a source of needed inspiration from time to time. We have been pen pals for 2 decades! I can genuinely say that through our exchange of letters for the past 20 years, I have been with Audley in the trenches helping him process this grave experience. Though I absolutely despise his actions that brought him to this low, I still love him as my family, which is why I would never abandon him. I was there as he surveyed the wake of his actions; he acknowledged many years ago the gravity of what he did. I was there (through our writing) as he expressed sadness and deep regret for his part in what led to the tragic loss of life. Showing remorse for this is a complex and deeply personal process, and Audley has been self-reflective over the past 20 years. Rather than make excuses and cast blame, he has always taken responsibility for it. He has exhibited deep empathy for those lives he affected; I witnessed these moments during our physical visits over the years. The needed "time out" he couldn't escape has

been filled with countless reflections and "what if I'd made a different choice;" all of which has undoubtedly had a profound and lasting impact on him leading to the present.

Confined within prison walls, separated from his loved ones, and deprived of the opportunities and experiences that come with a free life for the past 20 years is tough on him as a young person. The psychological and emotional toll of such a sentence has been significant, particularly since Audley was only 18 when this happened. America says 18 is an adult, but is arriving there always indicative of maturity? Many of us still have so much more growing to do to walk in the title of "adult." He was just emerging from high school when this phenomenal indiscretion took place. Teenagers can sometimes be childish and cavalier having not yet fully experienced life's possibilities. While I understand the gravity of his offense, I firmly believe that after 20 years, Audley has undergone a transformative journey.

Since being incarcerated, Audley has participated in counseling, undergone therapy sessions in order to understand his childhood and past. He has re-ignited his faith, has a deeper relationship with God, and attends church regularly. All these actions are aimed at addressing the root causes of his behavior and developing strategies to prevent similar incidents in the future. In my opinion Audley has shown a remarkable commitment to personal growth and has consistently demonstrated a desire to make amends. He has been appointed by several of his overseers to roles of leadership in the prison system too. Rather than being idle, Audley has used his time wisely pursuing educational opportunities, excelling in all his classes. He's even completed vocational training courses that will equip him with marketable skills that will prove useful once he is released. For example, he became a barber, to the benefit of his bunkmates, and positively contributed his talents to the prison system.

Despite his dismal surroundings, he is realistic, understanding that this experience will always be looked at as a blemish in society. Even still, Audley remains positive and forward thinking. He hopes to own his own business someday, so he is garnering skills which will help mitigate hurdles that could render him unproductive in his future release. Audley demonstrates a strong desire for self-improvement, and this has been consistently evident through his actions and behavior over the years.

Having closely interacted with Audley via occasional phone calls, sporadic physical visits, but mostly 20 years of multiple pages letters, he is expressive. He's thoughtful, takes the time to be descriptive, he conveys his thoughts beautifully. He's a reader, which is evidenced in his writing, he has always been a smart scholar. We've discussed topics of ethics, morality, relationships, family, and life in general. He realizes thoroughly what he's taken from others, and what he himself has also lost... In his reflections over his life (childhood to present), he has been real, he's been raw, emotionally open, and genuine. But most of all what shines through all of his writing to me, is humility. Humbleness happens to a vast majority of us with age and maturity, Audley is no exception. But this bodes in his favor because time and growing self-awareness has erased the "immature, irresponsible, and invincible" teenager he once was. As he approaches 40, I've personally witnessed his remarkable transformation from boy to

man. And though sad that ALL of his youth has been spent behind bars, I firmly believe that in this time, he has grown up. Audley is changed, and I am confident that he is ready to reintegrate into society as a responsible and productive ADULT.

I appreciate this opportunity you've given me to share my thoughts about my cousin. Once viewed as a brightly shining star, he unfortunately crash-landed and put out his own flame. But please don't allow a mistake made in his irresponsible youth to eradicate the man he has now grown to be. He has done significant time, has worked on himself, and has shown us in various ways that he is ready for, and is worth redemption. I hope you too can see that the honorable parts of him are viable and embers of his star STILL glow.

I thank you kindly for considering my words, but most importantly for allowing them to influence your decision; and I express my gratefulness to you and your team of board members in advance of Audley's pardon.

Sincerely,

*Sasha Kiel*
Cousin of Audley Evans II (but mostly faithful friend)

Sandra Parnell

14 Howland Street

Dorchester, MA 02121


9/17/2023


To Whom It May Concern:


My name is Sandra Parnell and I am writing on behalf of Audley G. Evans, inmate #99482-555 to be release on parole.

I'm a Registered Nurse currently working at Hebrew Senior Life located in West Roxbury.  I have a Bachelor's Degree in Nursing from the University of Southern New Hampshire and an Associate's Degree from Broward Community in Florida.

Audley is my Godson. I met his mother and father in Jamaica.  His mother and I met in high school, and we have been friends for over 50 years.

He continued his studies in the prison system and he has prepared himself for employment within the community.  He is a license barber and a physical fitness trainer. Audley is a loving and pleasant person, he has strong support from his family and friends. I believe he is rehabilitated and would be a good candidate for his parole.


Yours sincerely,

Sandra Parnell

Jennette Parnell
14 Howland Street
Dorchester, Mass 02121
09/12/2023

To Whom It May Concern:

My name is Jennette Parnell and I am writing on behalf of Audley G. Evans , inmate # 99482-555 to be release on parole.

I work as a Medical Coder at the New England Baptist Hospital in Boston Massachusetts for 14 years. I am a graduate of the University of Massachusetts ,Boston.

Audley is the God son of my sister. His mother and my sister met in high school. I have been around Audley as a child, and in his teenager years. He was always pleasant and has an outgoing personality.

I believe despite what has happened he would be a good candidate for parole. He has the support of his family especially his parents who both are respectful hard working individuals.

Jennette Parnell

To whom this may concern,

My name is Blake Hylton and I am writing on behalf of Audley G. Evans II.

I acquired my Juris Doctor (JD) from Howard University of Law in 2019. My career is in Compliance, to which I began at Promontory Financial Group. Since then, I decided to strengthen the investment industry by becoming a regulator and joining FINRA. My public service work has been going strong for the past two years and will continue to grow for many years to come.

I have known Audley for over 20 years. Audley is a brother to me. He is a loving, supportive and caring person. He has shown his dedication to himself and his family endlessly. He constantly provided for his family and friends in numerous ways. His support and encouragement inspired me to become a Lawyer and I am forever grateful for the man that he has helped shape me to be. Despite the unfortunate turn of events in his life, Audley has expressed his sincere regret and has continued to show his remorse and growth all while pouring into himself and his family. Audley is a hard worker, nurturer, and inspiration to myself and many other individuals, including my brothers who he also has a genuine relationship with. I am forever grateful for his love and guidance throughout my life.

While talking to Audley, he has shared his desire to excel in life and not let his past mistakes deplete the extraordinary person that he is. He strives to be an exemplary individual who pours into himself, his friends and family. From taking college classes in his situation, to leading prison groups and becoming a mentor, Audley is primed to be a model person wherever he goes and in whatever situation he is in.

Audley is an inspiration not only to myself but his family and community that is proud of him and loves him very much. I ask that you take my words and sentiments about Audley into consideration and grant him leniency. He is truly remorseful, rehabilitated and ready to continue his life as a productive and valuable member of society.

Sincerely,

Blake A. Hylton

To whom this may concern,

My name is Courtney Hylton and I am writing to provide a character reference for Audley G.
Evans II whom I have had the privilege of knowing for 20 years. I am confident in my
assessment of his character and can wholeheartedly vouch for his outstanding qualities.

I am currently a Firefighter for the Jacksonville Fire Department and am completing courses to
become a Paramedic and will complete my course in less than a year. I wanted to dedicate my
career in serving my community and this position reflects the amount of dedication I am willing
to commit.

I understand that Audley is seeking early release, and I would like to share my perspective on
his character, rehabilitation, and potential for successful reintegration into society. While I
acknowledge the circumstances that led to his incarceration, I firmly believe that people have
the capacity to transform their lives, and I have seen evidence of this transformation in Audley.

I have known Audley for over 20 years, and during this time, I have had the opportunity to
witness his personal growth and commitment to change. Throughout my life, Audley has
consistently demonstrated unwavering honesty, transparency, and moral principles. Audley is
incredibly dependable and responsible. In addition Audley has a compassionate nature and
consistently treats others with respect and empathy. His compassionate nature has played a
large role in my life as it has influenced my role as a father to my son.

Despite the unfortunate events that changed the trajectory of his life, Audley has expressed on
numerous occasions that he takes full responsibility for his actions and is extremely remorseful
for his behavior and the negative effects that it had on all parties involved. Audley is accountable
for his actions and consistently works on his personal growth through rehabilitation and
counseling.

I believe that Audley has made significant progress in addressing the underlying issues that led
to his incarceration. I have heard him express genuine remorse and a desire to make a positive
impact on society. I truly believe granting Audley leniency could provide him with the opportunity
to continue this journey of personal growth and rehabilitation in a more supportive environment.

I kindly request that the relevant authorities consider Audley's character, rehabilitation efforts,
and commitment to change and grant him leniency when deciding his future.

Thank you for your time and consideration.

Sincerely,

Courtney A. Hylton

To whom this may concern,

My name is Chrisneve Hylton and I am writing to provide a character reference for Audley G.
Evans II whom I have had the privilege of knowing for 30 years. I am confident in my
assessment of his character and can wholeheartedly vouch for his outstanding qualities.

I am an Auditor at Badcock and Co. and have been employed with the company for 8 years.

While I am aware of the gravity of the situation, I would like to share my perspective on Audley's
character, which I believe is crucial in understanding his potential for rehabilitation and positive
contribution to society. Over these long 30 years, I have had the opportunity to witness Audley's
many positive qualities, including his honesty, integrity, reliability, hard work, kindness and
empathy.

Audley has expressed on numerous occasions that he takes full responsibility for his actions
and continues to face the consequences of his choices. He understands the need for
accountability and is actively working towards personal growth. Audley has taken many
proactive steps to address the issues that led to his current situation including participating in
rehabilitation programs, educational initiatives, and counseling to grow as a person and gain the
necessary skills for reintegration into society. Audley has also made positive contributions within
the correctional facility by participating in activities that promote personal growth, mentorship,
and assistance to fellow inmates.

Though he has been away for an extended period of time, Audley has a strong support system
in place, including family and friends who are committed to assisting him in continuing to make
positive changes in his life. He has maintained a positive outlook on life even during his current
challenging situation, which is contagious and uplifting to myself, his family and those around
him.

I kindly request that the relevant authorities consider Audley's character, rehabilitation efforts,
and commitment to change and grant him leniency when deciding his future.

Thank you for your time and consideration.

Sincerely,

Christneve A. Hylton

# EXIMIOUS

To whom it may concern ,

My name is Elliot Carrasquillo, and I write on behalf of Audley Evans.

I am the owner of Eximious Enterprise LLC which has two companies underneath. Eximious SMP Academy & Eximious Barbershop. Both businesses are 5 star rated by the local community. I have owned Eximious Enterprise LLC for over 5 years. I am a U.S. Army veteran. I was part of President Obama's presidential inauguration detail and Deployed to Iraq in 2010 as a MP.

I have known Audley Evans since we were teenagers. We both wanted to join the military but went into different branches. If I ever needed help, he was the first one there. He would stop what he was doing to make sure he was always there. Audley Evans would literally give you the shirt off his back and the last dollar in his pocket.

I speak with Audley a couple of times a week whether it's through email or phone. In all of the years that I have been speaking with him he's always sounded positive. He's always doing classes and courses to better himself. He keeps close contact with his parents and brother and even though the contact is through phone, email or letters, they are still very close.

I strongly believe that his rehabilitation classes and courses that he has taken throughout time have served him very well. I also strongly believe that he will be a productive member of society. I have asked him to please keep his barbers license active so that when the time comes and he is possibly given a second chance that he already has a job at Eximious Barbershop and I will also be training him at Eximious SMP Academy.

I humbly ask that you consider the amazing person that Audley has become and all of his accomplishments while away. That you consider allowing him to come home and add Audley's name to the list of success stories because you believe in second chances.

Elliot Carrasquillo
Owner
Eximious Enterprise LLC



To whom it may concern ,

My name is Elliot Carrasquillo, and I write on behalf of Audley Evans.

I am the owner of Eximious Enterprise LLC which has two companies underneath. Eximious SMP Academy & Eximious Barbershop. Both businesses are 5 star rated by the local community. I have owned Eximious Enterprise LLC for over 5 years. I am a U.S. Army veteran. I was part of President Obama's presidential inauguration detail and Deployed to Iraq in 2010 as a MP.

I have known Audley Evans since we were teenagers. We both wanted to join the military but went into different branches. If I ever needed help, he was the first one there. He would stop what he was doing to make sure he was always there. Audley Evans would literally give you the shirt off his back and the last dollar in his pocket.

I speak with Audley a couple of times a week whether it's through email or phone. In all of the years that I have been speaking with him he's always sounded positive. He's always doing classes and courses to better himself. He keeps close contact with his parents and brother and even though the contact is through phone, email or letters, they are still very close.

I strongly believe that his rehabilitation classes and courses that he has taken throughout time have served him very well. I also strongly believe that he will be a productive member of society. I have asked him to please keep his barbers license active so that when the time comes and he is possibly given a second chance that he already has a job at Eximious Barbershop and I will also be training him at Eximious SMP Academy.

I humbly ask that you consider the amazing person that Audley has become and all of his accomplishments while away. That you consider allowing him to come home and add Audley's name to the list of success stories because you believe in second chances.

Elliot Carrasquillo
Owner
Eximious Enterprise LLC

Einar Gary Brissing
179 S. Harrison Ave
Congers, NY, 10920

To Whom It May Concern:

     My name is Einar Gary Brissing and I am writing in support of Audley Evans.  I request that my statements be considered in arriving at the appropriate disposition.

     Before making any statements about Mr. Evans I would like to take some time to briefly tell you about myself.  My name is Einar Gary Brissing, I served in the United State Marine Corps from February 2003 to February 2007 and worked as a corrections specialist, during my four-year enlistment I served my final two years in Okinawa Japan and worked at Okinawa Joint forces Brig on Camp Hansen.  Upon my end of service, I attended St. Thomas Aquinas College in Sparkill NY where I studied social sciences. During my time at STAC I competed in Track and Friend and Cross County, where I was selected all conference multiple times and served as the team Caption my last two years.  After graduation in 2010, I spent a brief time in grad school where I studied to be a teacher, but ultimately made a career change back into the field of law enforcement and in 2012 I was hired by the Rockland County Sheriffs Office in New City, New York where I continue to work as a sergeant in the corrections division. Lastly before my wife and I had our two daughters I also coached Cross country and track and field at the high school level until 2018 (my focus these days is on my own kids).  Service to one's community and country are always at the center of all my career choices and that's something I am proud of.

     The relationship I have with Mr. Evans is one few will understand, let alone experience in a lifetime. I first met Audley Evans during his initial incarceration in Okinawa.  Upon his detainment my first impressions were positive.  I found him to be well mannered and respectful to staff and inmates alike.  In my opinion the severity of his crimes did not reflect his temperament while incarcerated in Okinawa.   Our relationship is one that grew out of respect and professionalism. While in Okinawa I spent much of my time working Mr. Evans unit (special quarters) and not once had an issue with him.  Simply stating, the traits that he showed while incarcerated did not reflect the crimes that he committed. His attitude about serving his country directly resembled what I heard from Marines in my own unit.  After my tour in Okinawa I stepped away from the military and went back to school.  During this period in my life, I had no contact with Mr. Evans and it was not until I was back in the corrections field that I thought of him.  About 7 years ago during a very dark time in my professional career I reached out to Audley after looking him up in the federal inmate database. Upon receiving my first letter he was receptive and understanding. We continued writing to each other as friends to this day.  We have spoken extensively about his crimes and his incarceration.  We both have an odd understanding of what it is to be behind bars, not the physical side of being incarcerated but the mental side of dealing with one's past actions and moving forward from them.  Audley has shown me levels of maturity few will ever know.  He has been to some of the darkest places this world has to offer and has moved past them.  He has taken ownership of his mistakes, every letter he writes me, he makes sure I understand that completely. In my many years in corrections I have spoken with thousands of inmates, and it is very rare to hear an individual fully grasp their mistakes and take complete ownership of them.  I believe his level of maturity directly corresponds with is potential.

Before concluding this statement, I would like to share a conversation myself and Mr. Evans had many years ago in the rec-yard of the Okinawa base brig.  After his conviction, (before sentencing) Audley asked me directly about what I thought about his potential for release (clemency).  One young Sailor, convicted of murder, asking a young Marine their opinion about his sentencing.  I remember this conversation as if it was yesterday.  My response was simple and brief; I told him what he did was very serious; and that the other sailor who is now gone doesn't get any chance at clemency.  I will never forget the silence of that rec-yard following our conversation.  At the time I was proud of what I said, I was happy with how clever I was at the time, to answer a difficult question in such a way.  Showing little support for him only seemed fitting at the time.  At the beginning of this statement I reflected on how this statement was one of maturity and respect.  My lack of maturity during that conversation was not recognized until recently.  Many years have gone by, Audley has grown and matured in ways I have never seen.  He has helped me mature in many ways.  Although the circumstances surrounding my statements in that rec-yard are true, I realize now that I missed the mark.  Can someone ever overcome such a mistake? Can anyone fully grasps the stupidity of a this young sailor? For those questions I can honestly say I do not have answers.   What I can tell you is that the last person we should be listening to is some dumb young Marine that was in that rec-yard that day.

I am now 40 years old, My friends who I served with are all retiring from the Marine corps.  I am a husband with two amazing daughters.  I still do not know the answers to those questions, but I do have a better idea of what it is to mature.  I have Audley Evans to thank for that.  With that said, I would ask for leniency when dealing with Mr. Evans future.  The mistakes of this young sailor should not define him as a person.

If you have any further questions regarding my statement, please feel free to contact me.

Sincerely,

Einar Gary Brissing

Einarbrissing@gmail.com

Cell 845-216-1549

To Whom It May Concern:

My name is Lawrence Williams. I am writing on behalf of Audley G. Evans, to express, in my humble manner, that Audley, given the opportunity, will in the future be a model citizen.

My accomplishments from an academic standpoint are: AAS, BSME. MBA, PE License, and I also obtained various certificates in my engineering occupation. As an engineer, I worked in the petrochemical industry for over 40 years. I handled major industrial petrochemical projects both in the US and overseas, ranging in values exceeding $300Million. I took projects from inception to engineering/design, construction, and facility startup.

 I am a US army, Vietnam, combat veteran, and a holder of a Bronze Star medal. and other citations.

Audley Evans is a relative, a cousin. He is much younger than I am. I have known Audley since he was born and although I did not spend a lot of time around him. Other relatives reported on his progress as he grew up. During all those years there was nothing in his character and development which would indicate any issues that would retard his success in life. He went to grammar school, high school and finally entered the army without any problems. No relative reported any strange behavior by Audley, in fact it was believed that of the two brothers in his family, he was the one on the fast track to succeed.

His parents are church going Christians. The entire group of relatives, and there are many, which are close to Audley and his family are Christians, hardworking and law-abiding citizens. These traits are in him. Therefore, he understands forgiveness and atonement. He was always a gentle child and young man, there was no trouble reported by the community at large or by the extensive network of relatives and friends.

I am therefore, humbly requesting that his commander consider the facts of his family background, his Christian teachings and adherence, and his present behavior and allow him to prove that he has atoned and will continue to atone for his error. Given this chance, Audley will, in my opinion, make us all proud in his new life.


Lawrence Williams

Manager: Engineering & Construction

Basell/Lyondell Corporation

Retired

Jennette Parnell
14 Howland Street
Dorchester, Mass 02121
09/12/2023

To Whom It May Concern:

My name is Jennette Parnell and I am writing on behalf of Audley G. Evans ,
inmate # 99482-555 to be release on parole.

I work as a Medical Coder at the New England Baptist Hospital in Boston
Massachusetts for 14 years. I am a graduate of the University of
Massachusetts ,Boston.

Audley is the God son of my sister. His mother and my sister met in high school.
I have been around Audley as a child, and in his teenager years. He was always
pleasant and has an outgoing personality.

I believe despite what has happened he would be a good candidate for parole. He
has the support of his family especially his parents who both are respectful hard
working individuals.


Jennette Parnell

September 11, 2023

To Whom It May Concern:

My name is Beris Neita. I reside at 10035 NW 7th Court Coral Springs, FL. 33071. I am writing on behalf of my nephew, Audley G. Evans II.

I am a retired plumber from Roto Rooter. I was employed from 1996 – 2016. I formerly worked on the Bread Route for Continental Bakery from 1990 – 1996. I also worked as a New York City Taxi owner and operator from 1981 – 1989.

I have known Audley all his life. His mother (Jacinth) is my younger sister. We were and still are a close-knit family. Jacinth, George and their boys would frequently visit us in New York, for Thanksgiving, Christmas, and family reunions. Audley enjoyed being around his NY family, and even entertained coming to St. John's University on a Soccer Scholarship. He was very engaging, polite, caring, and respectful to all. He excelled in school and wanted to be a Dentist. I was so proud of him and his accomplishments as a high school student. When he went off to the military, we all wished good luck, and prayed for his success. I was at a loss for words to explain his predicament in Japan. It affected our entire family, especially his parents. Audley is not the same person he was at age 20. From our conversations, I know he is remorseful and has a change of attitude. He has been taking courses for his rehabilitation which includes Anger Management, Creating Your Life Plan and 7 Habits on the Inside. He is bettering himself for his future. He is a Certified Physical Fitness Trainer, and a Licensed Barber. I believe he has learned from his mistake and wants an opportunity to make us all proud of him again. I believe Audley is rehabilitated and is ready to take on the next chapter of his life in God's willing.

Commander, please take into consideration all the positive things Audley has done rather than to look solely at the alleged misconduct. I ask for your leniency when deciding his future.

Thank you!

                                        Bris Neita.



# Marcia Morrison, Ph. D.   258 Highland Blvd. Brooklyn, NY 11207

Tel: (718) 827-1467   ·   Fax: (718) 827-8648   ·   Emergency Only (917) 771-0078
E-mail: Morrisondenmarc@aol.com

September 11, 2023

Dr. Marcia Morrison, Ph.D., D.S.W., LCSW-R
258 Highland Blvd.
Brooklyn, NY 11207
(718) 277-0751

Subject:

### *Character Letter for Audley G. Evans II.*

My name is Dr. Marcia Morrison, and I am writing on behalf of my cousin, Audley G. Evans II.

Currently, I am a clinician (Psychotherapist) in Private Practice for over 27+ years. I am also employed by The City University of New York as an Adjunct Professor for about 30 years. In addition, up until the COVID pandemic, I worked for about 10 years as a contractor with the United Stated Department of Defense as a Military and Family Life Counselor which had me providing behavioral health services on U.S. military bases within the United States as well as overseas in Japan, Germany, and Alaska.

Audley is my cousin in the second degree, and I have known him all his life. His mother (Jacinth) and I grew up together in Jamaica, W.I. where we were reared with similar norms and values. In migrating to the United States, the bond between Jacinth and I continued as we entered the world of parenthood. As parents we have instilled these values in our children to ensure that a tradition in excellence of behavior be preserved. During the time I have known Audley, I watched him grow into a high achieving youngster. He was always pleasant, engaging and ever exhibiting an elevated level of care and concern about the welfare of those around him.

It came to my attention in or around 2004 that Audley had gotten involved with an ill-reputed crowd. Subsequently, he engaged in behavior where it was alleged that this behavior led to the murder of another young comrade. The entire affair was a significant source of pain to me and to our family as we know the values we have instilled in our children, and it did not seem that this reflected such values.



## Marcia Morrison, Ph. D.    258 Highland Blvd. Brooklyn, NY 11207

Tel: (718) 827-1467  ·  Fax: (718) 827-8648  ·  Emergency Only (917) 771-0078
E-mail: Morrisondenmarc@aol.com

The behavior was a demonstration of weakness at the highest level. It exposed a significant challenge Audley faced while on his military assignment in Japan. Being away from family and loved ones, he exhibited a temporary lapse in judgement, which while it be partially explained by his environment, there seemed to have been a greater factor influencing his behavior and that is a youthful immaturity and poor choice of friends. Audley has always been an overachiever, having felt the need to engage and excel holistically, in all areas of both school and community activities. He was much enmeshed in society, insomuch that he received multiple awards from school which landed him his role as an achiever, team player and someone who just simply excels.

For Audley, clemency is the only way to recognize that all his years of excelling will not be discarded because of one major mistake he has made. Clemency will afford him the opportunity to come to terms and take full responsibility for his actions. I passionately believe that he has learned his lesson and has been successfully rehabilitated. I therefore beseech you to please allow him another chance whereby he can have the potential to succeed if released, and so will become an asset to society. Furthermore, Audley will be returning to a family with unconditional love and an expansive support system ready to be there for him, and to aide in his transition as a meaningful and productive member of society once more. I therefore ask you humbly consider this plea of clemency on behalf of Audley, and as a testament to the mercy and compassion of the great United States of America.

Dr. Marcia Morrison
PhD. D.S.W. L.C.S.W.-R

To Whom It May Concern

My name is Marcella Henry and I live in Palmetto Bay, Florida. I am the grandson Audley George
Evans Jr. who I am told is up for parole

I recently retired after 42 years of working for an organization that supports people with mental
and physical disabilities known as Sunrise Community Inc whose office is headquartered in
South Florida. My most recent capacity is that of being the Compliance Officer for the
organization, for 17 years. I was asked to develop the program that I built and maintained up
until my retirement.

Prior to that, I was the Regional Administrator for one third of the organization's operations.

I know Audley George Evans Jr or AG as he is fondly called from his birth and has been
incredibly involved in the way he was raised as a young boy, before he entered the Marines. He
was a caring young man who loved the family very much and enjoyed spending time with
myself and my husband when he would visit, along with his brother, Allan. His home
environment was very stable and both parents were incredibly involved in how he was raised
Respect was always demanded and expected by his dad and his mother, the focus of school was
high, as education was particularly important to the parents. They believed that there was time
for play and a time to be serious. Accomplishing household chores was expected from him.
Deviating from those expectations would result in some disciplinary action. AG resided in an
extremely comfortable home environment with established house rules. He had his own room
and the run of the house, while complying with rules and regulations. There were curfews and
expectations of his father and mother while was growing up. and there was love.

He was always a bright young man who did well academically and participated in sports. When
he joined the Marines at 20 years old, his goal was to enter the program for dentistry, which he
did and from all accounts, he was doing well.

Unfortunately, while stationed in Japan, he got involved with the wrong crowd and committed a
heinous act, that he must live with for the rest of his life and so does the family of the son they
lost. AG comes from a good family who were shocked and in disbelief when they learned of
what he did. The family was seriously impacted and had to move from where they were living
because of all the media that spent days in front of their house and the negative publicity they
were getting. We have no idea what led him to do that.

He does show remorse for what he did and did apologize to the family for what he did to their
son at the trial.

He has been incarcerated for over 18 years and has had time to think about what happened and
realizes that he destroyed someone's life and his own.

As he has gotten older, he and I have communicated several times on phone calls and through letters and he continues to be deeply sorry for what he did, misses his family and really wants to show his worth.

I am told that he has been a good inmate, not getting into trouble and has tried to learn various trades such as cooking, becoming a Barber, and I believe he is studying for a degree in Social Work in hope that one day if he should get the opportunity to leave and return to the real world, he would have a trade, be hired and work to become a productive and upstanding citizen.

Commander, I know that there is lots to consider in the decision making of whether to grant Audley George Evans Jr. leniency.in deciding his future.

But I ask you to consider the fact that he has been there for over 18 years and to my knowledge has not had any major incidents that have put him in solitary confinement, he has tried to be productive within the system and keeps his 'nose clean'. What he did cannot bring back the person and I know he is deeply sorry for what he did. I ask you to give strong consideration for allowing him to become a meaningful and productive member of society. I would even go a step further on a task when he is out, that he should be involved in. He should be helping other young people stay on the straight and narrow path by becoming a Big Brother and setting an example to them, showing them how to do the right thing.

Thank you for taking the time, Commander, to read my letter and I pray that AG is given the opportunity to show that he was worth it.


Respectfully,

*Mrkeny*

Marcella Yvonne Henry

Retired Compliance Officer

(305) 607-9538

Dorothy Evans-Chung
14122 SW 120th Court
Miami, FL. 33186

September 5, 2023

To Whom It May Concern,

     My name is Dorothy Evans-Chung, and I am writing on behalf of my dear cousin, Audley G. Evans II.

     I am currently employed as a Nursing Assistant and have worked on private patient duty since 2004. I was formerly employed at Publix Supermarket as a Team Leader in the Meat Department from 1987 until 2003.

     Audley's father is my uncle, and I am very close with my family. I was Audley's babysitter when he was young. His playfulness, intelligence, and overall joyous personality brought happiness to those around him. He was always laughing and loved to eat his mother's home-cooked meals. There was never a dull moment when Audley was present. Not to mention he was always well-behaved and never hesitated to follow instructions from his parents and teachers. I watched him blossom into a young man with significant dreams and ambitions. He is my favorite cousin, and I can recount our great times together. Audley was passionate about sports and excelled in playing soccer. He earned numerous championship medals and was overjoyed to attend high school and play for a varsity team. In addition to his athletic abilities, Audley was outstanding in his academic studies. He was awarded the "Who's Who Among American High School Students" Florida Bright Future Scholarship and was accepted to attend Florida State University. As I was planning my wedding in 2003, he encouraged me to arrange the date before he would go off to the military because he "couldn't miss it for the world." He was ecstatic to be a groom's man at my wedding and even impressed us all with his dance moves after the ceremony.

     I was in absolute disbelief when I was informed of the event that occurred in Japan. From that moment, a vital piece of my family was taken away. I believe he not only understands what he had done, but has learned from his mistake and has more than the capacity to overcome the incident. I truly am proud and grateful that he continued to pursue his education even while faced with prison and he clearly demonstrates a model inmate. During my visits with him throughout his incarceration, I realized that he is truly a changed man, a good man, a man of God. I recognize that he is rehabilitated and he has shown to be ready for a second chance at life with his family.

     Please consider all the good things Audley has accomplished, how far he has come, and the potential he has to be successful. To reunite with his family and be able to pursue his own. His positive performance shows overall improvement mentally, physically, and spiritually. I plead

that you exercise leniency when deciding his future, recognizing that he was only an adolescent at the time of the incident.

Thank you for your time and understanding,

Dorothy Evans-Chung

September 6, 2023

**TO WHOM IT MAY CONCERN**

My name is Rev. Sheron M. Clarke and I am writing on behalf of Mr. Audley Evans, in regards to him
being granted parole.

I am the Founder/President of Ministry Without Walls International, Inc. which is a 501 (c) 3 nonprofit
organization.  We partner with other ministry partners to help those who are hungry, homeless and are
being persecuted for their faith in hostile territories.  Since 2008 we have helped countless individuals
through intense prayer and in tangible ways.  We are just wrapping up a fundraising campaign to help
Community Crisis Service, Inc. (CCSI) located in Hyattsville, MD.

As a speaker, facilitator and professional life coach I have had the privilege of serving the United States
Navy (2018 – 2020) through its CREDO program at Naval District Washington.  In July I also was one of the
facilitators at a two day ASIST (Suicide Intervention Skills) training hosted by the United States Army at its
2023 BOSS Training Forum.  This impactful event served 60 service men and women and was held in
Leesburg, VA.  I am also an author of multiple books, my latest release is entitled, Mind over Matter:  The
40 Keys to Transform Your Mind and Your Life.

I have known Audley's family for almost fifteen years and have been praying for him ever since we
connected.  Audley is from a loving, caring and God-fearing family who speaks highly of him in spite of his
current circumstances.  They see their son as the man he was meant to be and not his mistake.  As a result
of which, I am always being updated on Audley's status and how well he is doing in spite of his challenges.
He is now a Believer in Christ and it shows in his demeanor so much so that the other inmates commented
on this.  His mom said that they are curious as to how he could have such a positive personality after being
incarcerated for so long.  I believe this is only a testament to God's grace because we serve a God who
does not discard us due to our mistakes or mishaps.

I think that Mr. Evans has wrestled with remorse and has learnt from his mistake.  My observation is that
he is a different individual from when he was first incarcerated.  I truly believe that he would be an asset
to society due to a renewed mindset, the strong support system he has in God, his family and wonderful
friends. Thank you kindly for considering his parole at this time.

Yours sincerely,

*Sheron M. Clarke*

Sheron M. Clarke (Rev.)
Ministry Without Walls International, Inc.
Founder/President

To whom it may concern,

My name is Beverley Daley and I am writing on behalf of Audley Evans II. I am a 75 year old living in Ontario Canada who spent 20+ years as an accounting clerk, subsequently attended college and worked as a nurse for another 15 years before retiring.

Audley (AG) is my nephew and I have known him from birth. I would see him almost annually, prior to enlistment, while visiting he and the family in Florida. He was always very loving, caring and respectful and was always eager to help others. It was always a pleasure to see the wonderful relationship that AG had with his parents, his brother and others within our extended family.

After the extremely sad turn of events, and as a result of my age, my ability to travel has been somewhat diminished. That said, I still made an effort to visit AG in person on multiple occasions during his incarceration, including while in Kansas and most recently in Florida. During all of his visits, he conveyed to me great shame and remorse over his actions and a desire to create a positive future. AG and I have maintained communications both through phone and mail and he has informed me that, in an effort to better himself and become a positive contributor to society, he has been learning multiple skills through accounting, barbering and culinary classes.

In speaking with AG, I know that he has learned from the wrongs of the past and is returning to the good young man that I have known for years. I am positive that, when released, he will be a productive member of society and promise to continue to provide active encouragement and emotional support.

AG has grown since being that young individual who made a terrible decision, and I respectfully ask you to show mercy by giving him a second chance.

Sincerely,
Beverley Daley

Norman Randall
166 Village Ave
Elmont, NY 11003


September 5, 2023


To Whom It May Concern:


My name is Mr. Norman J. Randall and I write on behalf of Audley G. Evans 99482-555

I am a senior manager by profession, currently employed by Alphamore LLC, for the past 6 years.

Previous Employment:
Merrill Lynch Financial Services, position: Vice President of Operations for 20 years.
British Telecommunications PLC, position: Assistant Executive Engineer for 10 years.


I am writing to respectfully request that you consider Audley G. Evans petition for a Clemency of his sentence. I have known him for the past 30 years, he is my Nieces son, he has been a dedicated and loyal family member throughout his upbringing both in home and personal activities within the community.

He is an admirable youth leader and effective team organizer/builder with a positive reputation amongst his pairs and other family member's, he also has excellent interpersonal skills and goal orientated approaches on all of his assignments. Audley is a person that is reliable and can be trusted, also respected and professional.

I am requesting that the in-charge parties please consider my statement in arriving at the appropriate decision, also taking into consideration who Audley G. Evans is and all the positive things he has done rather than to look solely at the alleged misconduct, and please be lenient when deciding his future.


                                                    NORMAN RANDALL
                                                    MR.

## AFFIDAVIT OF CHARACTER

I, Jean- Matthew Wedderburn, of 43 East Court, Royal Palm Beach, Florida 33411, at 561-767-0300, employed at Publix Superstore as Deli Team Leader Clerk, do hereby certify that Audley G. Evans is personally known to me and is of good moral character.

My date of birth is July 05, 1987 and I have been personally acquainted with Audley G. Evans for 36 years and 2 months in the following capacity:

Audley is my first Cousin. His Mother is my Aunt. I have know Audley a very long time. I moved from Houston Tx when I was 6 years old. I had a speech impedement and people would laugh at me. Audley took me under his care and made sure I was not laughed at again. He would protect me. He became my favorite cousin. He had a good sense of humor. He was kind to everyone. He was the life of the party. I joined his Soccer team. We attended Church together. Audley was the smart one. He excelled in school. He was accepted into two Universities in Florida. He declined it to join the Navy of the USA. He left for the Navy with my brother and that unfortunate incident happened. We speak on the phone from time to time and Audley is so remorseful of what had happened. He told us he had done classes to help him. Like Major Resorses for Criminal Justice. 7 Habits on the inside. Creating your life plan. He also shared the many classes he has attended like Certified Barber, Certified fitness Trainer. I am of the opinion that Audley has learned life lesson, and has been rehabilitated, and is ready for a life in society as a normal citizen. Audley would be surrounded with families and friends with moral support. Church activities to enhance his spiritual growth. He therefore would have a place and desire to become a productive and more trustworthy Citizen.

Signed:

_Jean- Matthew Wedderburn_                    9-4-23
Jean- Matthew Wedderburn                        Date

To Whom It May Concern:

Our names are Christopher and Cleopatra Brown, and we are writing this letter on behalf of our nephew, Audley G. Evans II.

I am a retired Mechanic formerly employed at Florida Power & Light. Cleopatra, my wife is a retired Certified Nurse Assistant who formerly worked private duty.

We have known Audley all his life. Cleopatra is his aunt, Jacinth older sister. Audley was like a son to us. We have no children together, and Audley had promised to care for us in our senior years. We have grown to respect and admire him on many different levels. His discipline and respect for authority is evident in the way he conducts himself. He is mature, well-mannered and comfortable with people. Audley excelled in school and sports. We loved going to his basketball and soccer games, he was a show man and scored many goals. In demonstrating academic success, he graduated from high school with honors and the Florida Bright Future Scholarship. He got accepted at the University of Central FL. and FL. State University. Somehow, he preferred the Navy. We were so proud of him.

Our world was rocked with the event in Japan. How could a promising person become so off track. During our visits while incarcerated, Audley has shown us by his behavior and actions that he is remorseful of his actions. He continued his studies and is a model inmate.

Without any doubt we believe that Audley is rehabilitated and is ready for civilian life. We know he will not be a threat to society and ask for leniency. We hope you will consider all these facts and make a favorable decision in this very important matter. Thank you! God bless!

Christopher G. Brown
Cleopatra A. Nelson-Brown

## AFFIDAVIT OF CHARACTER

I, Melrose Occeus, of 3614 English Rd. Suite D, Lake Worth, Florida 33467, at 561-543-8543, employed at Luxe Of Wellington as Nurse, do hereby certify that Audley G. Evans is personally known to me and is of good moral character.

My date of birth is November 10, 1954 and I have been personally acquainted with Audley G. Evans for 38 years and 10 months in the following capacity:

I am Audley's Aunt on his Mother's side. I have known Audley all his life. Growing up Audley has demonstrated good qualities that was taught by his parents. Growing up he excelled in school. Making the honor rool all year round. He played Soccer and made it to Varsity. He was a referee for the state of Florida for many years. He was awarded the Who is Who during Junior and High School. He attended Sun Coast High School and at the end of 12th grade he was accepted to the University of Central Florida. Audley opted out to go to the US Navy. During this time he attended a seminar at Lynn's University for Young leaders. He volunteered at the American Red Cross. He also Volunteered at the Wellington Hospital.
Audley has been a role model for his younger cousins and has demonstrated many positive qualities. He is kind, friendly and pleasant. In speaking with Audley he relates how remorseful he is to the situation. He has learned some life skill while in custody. Like Creating your life plan. 7 habits on the inside. Major resources for Criminal Justice. He has attended many courses while incarcerated. Certified Fitness Trainer. License Barber, Culinary Arts. Now studying at a local College in California Sociology.
I believe Audley has definately been rehabilitated and is ready for a life in society as an upright citizen. He also has his family who is ready to assist in his development. He has also the Church that will assist in his growth.

Signed:

_____
Melrose Occeus

9/3/23
Date

September 4, 2023

To Whom It May Concern:

My name is Millicent Randall, and I am writing on behalf of my nephew, Audley G. Evans II.

I have been currently employed at Broward Health – Imperial Point Hospital since 4/30/1994. My current position is Psychiatrist Technologist. I am Board Certified in Mental Health Awareness. I formerly was self-employed as a Beauty Consultant and studied at Barbizon Beauty School in New York.

Audley is my favorite nephew; his mother Jacinth is my older sister. We share a very special bond; we have the same birthday (11/28) and have enjoyed many birthday parties together. Audley was the most kindhearted, loving and respectful of all my 21 nieces and nephews. Audley had a bright future; he had plans to become a Dentist, husband and father. He had good grades and motivation to back it up. He was on the right track, he played sports, had a great social life. After graduation from high school, he had choices, he could have attended FL. State University or University of Central Florida on a Bright Future Scholarship, but he chose the Navy. The event that occurred in Japan has still left me dumfounded. Unfortunately, he made some poor choices that navigated him way off course of the life he planned. However, during his incarceration he continued his education. Upon his release he will be ready to be self-employed as a Barber or Physical Fitness Trainer, and I would be willing to invest in any development he plans to undertake. I would be willing to advocate employment for him in any of our affiliates of Broward Health System of over 10 hospitals.

I believe given the chance, Audley would be able to live a normal civilian life and not be a threat to society. His strong faith in God and family will continue to lead him in the right direction. I am looking forward to a favorable decision of leniency in the future.

Millicent Randall.

**Audley G. Evans**
**Jacinth N. Evans**
1748 Ashcroft St. NW
Palm Bay, FL. 32907-9474

September 3, 2023

To Whom It May Concern:

This letter is an appeal for clemency or sentence reduction for our son, **Audley G. Evans II.**

I am a 74-year-old retired Mortgage Broker. Also worked as a Detective in Jamaica Constabulary Force and Immigration Officer. My wife Jacinth is a 64-year-old Collection Manager at Family Arthritis Center in Loxahatchee, FL. She has been employed since 2/28/2005 with certifications in Medical Coding, Billing and Collection.

Audley is the joy of our lives. He was born on 11/28/1984. He has a pleasing temperament, and everyone was a friend. He is loved by family and friends. We instilled great values in him with the understanding that a tradition in excellence of behavior and conduct can be preserved. He was respectful to both adults and children alike. He assisted around the house by keeping his room and surroundings clean. He excelled in his spiritual life and was an assistant at church. He loved to read and dance. He was a competitive athlete and played basketball and soccer. He won his first championship at age seven in the Royal Palm Beach Athletic Division under 8 Boys Soccer League. A star was born; he excelled in soccer and formal education during his elementary years. He won awards in essays, art, mathematics, physical education, best smile and salutation, and was on the honor roll. Audley continued to excel in school and was on the Academic Excellence Honor Roll all three years of middle school. His love of Soccer propelled him to become a Licensed Florida State Soccer Referee. While earning money, Audley had the rear opportunity to teach and influence younger children the love of the game, being a joyful winner and a graceful loser. As he became proficient, he traveled to other cities and participated in tournaments. He attended Suncoast Magnet High School. He volunteered at the Red Cross and Wellington Regional

Medical Center. Played Varsity Soccer on Honor Roll, he was merited with Who's
Who Among America High School Students. He was awarded the Florida Bright
Future Scholarship and was accepted at Florida State University and University of
Central Florida.  But he chose the Navy over college, where he planned to advance
his opportunity as a Dentist/Orthodontist.

The events of 2004 in Japan shattered our lives. During his incarceration which is
very rigid with discipline and structures, Audley have proven that he is a different
man. He has shown remorse and regret for his actions. He has also relied on
spiritual training and have repented and accepted God's forgiveness. He has
continued his education even though he has limited resources.  He is a licensed
Barber and Physical Fitness Trainer. He has completed Creating Your Life Plan and
7 Habits on the Inside (a major resource saver for the Criminal Justice System). He
is certified in FIMA Emergency Management and Solar System. He has also
completed courses in Business Administration, Accounting and Sociology.

We believe that Audley is rehabilitated and would not be a threat to society and is
ready for the next challenge in his life. Please consider our statements as to the
good he has accomplished and not solely on his misconduct and ask that you give
him a second chance and be lenient when deciding his future. Thank you!

                                    Audley G. Evans
                                    Jacinth N. Evans
                                    Parents.

**Allan F. Evans**
1748 Ashcroft St. NW
Palm Bay, FL. 32907-9474

September 4, 2023

To Whom It May Concern:

This letter is my attempt to enlighten you as to why my brother, Audley G. Evans II, should be granted clemency or a reduction in sentence at this time.

I graduated from Suncoast Magnet High School. Was awarded Florida Bright Future Scholarship. I attended Florida A&M University where I planned to study Pharmacology. Unfortunately, during my freshman year, I was diagnosed with Lupus. I returned home and continued school and graduated from Keiser University with an Associate of Science in Radiology Technology with advanced certificates in C-T Scan & MRI. I also graduated from Florida Eastern State College with an Associate of Arts. I am now attending SNHU and will graduate in December with a Bachelor of Arts in Business Management & Accounting. I currently work at TELTEC as a customer service representative in Insurance Sales since 2014.

As brothers we pledged to love and protect each other and our family. Audley was my best friend. We played basketball and soccer together, not always on the same team. He was kind and considerate, and we loved clowning around together. He protected me as a freshman in high school. He always had a kind word and chauffeured me around town. I missed him when he went off to the military, I wanted to follow in his footsteps, but my health issues prevented me. I was very sad and disappointed regarding the events that occurred in Japan in 2004. I was not there to help or support him during this life-changing event. I could not comprehend that my loving peaceful brother could have done such an act of cruelty. As with most events that happen by error, we cannot go back and change or repair the wrong that was done. I have visited him over the years and have witnessed a change in attitude and character.  He has admitted his wrongdoing and has expressed sorrow and remorse. Audley has always been a loving, kind and generous brother.

I believe given the opportunity of clemency, he will do his part as a rehabilitated person to make a difference in society and make us all proud of him again. I strongly believe Audley will not be a threat to society. With his strong faith in God, he is ready to live a spirit filled life of peace, love and harmony. Please consider the positive testaments and give him a second chance to prove himself worthy.

Allan F. Evans.

# FAX

**From:**       Javier Mouriz
**Return Fax:**  (888)919-1239
**Attention To:** Abdul J Roberts Esq
**Regarding:**  Audley Evans

I have attached the letter for Audley Evans. Please give him my regards.

Javier Mouriz

# Javier Mouriz, PhD
601 Webster Street, Wildwood, Fl 34785
Tel. No. (352) 978-1591 | Fax No. (888) 919-1239 | javius2@aol.com

July 31, 2023

Re: Inmate Audley Evans...Inmate No. 99482-555

Dear Abdul J. Roberts, Esq.,

This letter is in response to your request for a summary of my recollections of interactions with inmate Audley Evans as a way of speaking to or describing his character while I was employed at the United States Penitentiary 1 in Coleman, Florida and while he was a participant in a rehabilitation program which I supervised. I am happy to write about my recollections of my interactions with him and to describe his character during the period of time I knew him.

Inmate Evans joined the Challenge Program, the character rehabilitation program referenced above which I supervised, in April 2014 and completed it in July 2015. He remained in the program after his graduation as a mentor and I interacted with him on a daily basis after that as well until my retirement in July 2017. Therefore, I interacted with him on a daily basis for a little over three years.

I have very clear and fond memories of inmate Evans. The clearest attribute about him I recall was that he was always pleasant and cheerful. This is quite the opposite of what is generally experienced in a maximum-security penitentiary from the inmates. Yet, this is the manner in which he related to his fellow inmates and to staff. He was always willing to help to the newer inmates in the program learn the tenets of the program and to serve as a positive role model to them. There was never a time when he was unwavering in his willingness to be helpful and I do not recall him ever being oppositional.

I am aware of the circumstances surrounding his instant offense and they do not match the character of the individual who I later met in prison. I know he is very remorseful for his crime as he expressed that to me on many occasions. Nearly 20 years after his instant offense now, if he has remained as pleasant as when I knew him and has been able to remain free of disciplinary problems, I would support clemency or some other avenue of release from his sentence.

Please feel free to contact me with any questions regarding this letter.

Sincerely,

Javier Mouriz, Ph.D.
Florida Licensed Psychologist
License Number PY9520



**U.S. Department of Justice**

**Federal Bureau of Prisons**
*Victorville, California 92394*

April 16, 2024

MEMORANDUM FOR: To whom it may concern.

FROM:                A. Whipple, Supervisory Correctional Systems Specialist

SUBJECT:            Inmate Mail

To whom it may concern. Please be advised that due to efforts to reduce the introduction of contraband, inmates are not able to possess original documents of any correspondence that they receive. All correspondence is photocopied prior to it being provided to the recipient.

◇99482-555◇
Audley Evans
PO BOX 3725
FCI #1 99482-555
Adelanto, CA 92301
United States

RECEIVED
CLERK, U.S. DISTRICT COURT

APR 29 2024

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION      BY:___

◇99482-555◇
Clerk Of The Court
Clerk Dist. East Div.
U. S. District Court
3470 12TH ST. Room 134
Riverside, CA 92501
United States





































7022 0410 0001 598...

CERTIFIED MAIL

PLACE STICKER A TOP OF ENVELOPE TO THE
RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED



Ninth Circuit Court of Appeals
95 Seventh Street
San Francisco, CA 94103-1518

FIRST-CLASS MAIL

neopost
05/01/2024
US POSTAGE $004.27⁰

ZIP 92501
041L10249880

ERN DIVISION CLERK'S OFFICE
TWELFTH STREET, ROOM 134
VERSIDE, CALIFORNIA 92501