# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDLEY G. EVANS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>THE UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | Case No. 5:24-cv-00959-SK<br><br>**ORDER DISMISSING MOTION FOR COMPASSIONATE RELEASE** |

## I.
## BACKGROUND

Petitioner Audley Evans is a former naval service member convicted of murder (and related charges) in 2005 when he was 19 years old. Pursuant to a pretrial agreement, petitioner pled guilty to the crimes under the Uniform Code of Military Justice ("UCMJ") before a general court-martial. The negotiated plea evidently allowed petitioner to avoid a death sentence, so he was officially sentenced to life imprisonment without the possibility of parole. But according to the original terms of his pretrial agreement, the ineligibility for parole in petitioner's life sentence was suspended such that he could seek parole (or clemency) after 40 years from the date of his court-martial. While incarcerated in a military prison, however, petitioner was accused of bribing a prison official for favors. Petitioner thus faced another general court-martial, which found that his bribery conduct constituted a material breach of his pretrial agreement. As a result, the suspension of

petitioner's ineligibility for parole was vacated, meaning that he stood as originally sentenced to life imprisonment with no possibility of parole.

Petitioner appealed, first to the Navy-Marine Court of Criminal Appeals ("NMCCA"), and then to the U.S. Court of Appeals for the Armed Forces ("CAAF"). In those military appellate proceedings, petitioner challenged not only the vacatur of his suspended parole-ineligibility based on the adjudicated breach of his pretrial agreement, but he also attacked several other provisions of the agreement as either unconstitutional or unenforceable. *See United States v. Evans*, 2008 WL 3540441 (NMCCA Aug. 12, 2008). Eventually, as pertinent here, the NMCCA found that the agreement's terms prohibiting petitioner from seeking parole (or clemency) for 40 years violated a sentencing rule for courts-martial. *Id*. at *2. Even so, the NMCCA found that those prohibited terms were severable from the rest of the pretrial agreement and declined accordingly to invalidate the agreement in toto as petitioner evidently wanted. *See id*. The NMCCA then rejected petitioner's challenges to other terms in the agreement and upheld the general court-martial's vacatur of the suspended parole-ineligibility. *See id*. at *1, 3-6. Afterward, the CAAF summarily affirmed the NMCCA's decision. *See United States v. Evans*, 67 M.J. 260 (CAAF Feb. 17, 2009). The net effect of these decisions appears to be that petitioner remains sentenced to life in prison with no possibility of parole. (ECF 1 at 7-8).

Meanwhile, petitioner has been serving his life sentence in both military and civilian federal prisons, including most recently at the Federal Correctional Institution in Victorville, California located within the Central District of California. In both prison settings combined, petitioner has been incarcerated for more than 19 years. (ECF 1 at 2). During that time, petitioner claims that he has participated in several rehabilitative, vocational, and educational programs, mentored other civilian inmates, and

performed many acts of worthwhile service (including amid the COVID-19 pandemic). (ECF 1 at 8-9, 23-26, 35-133). Citing those facts as evidence of his rehabilitation, among many other allegedly mitigating facts (including, as he claims, the unconstitutionality or unenforceability of his military plea agreement), petitioner seeks so-called compassionate release under the 2018 First Step Act for alleged "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).

## II.

## DISCUSSION

At the outset, the court has an independent duty to ensure that it has jurisdiction to entertain petitioner's motion for compassionate release under the First Step Act. *See* Fed. R. Civ. P. 12(h)(3); *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam). In doing so, the court presumes that petitioner is seeking release based not only on all his alleged "extraordinary and compelling" facts on their own terms—his youth and substance abuse at the time of the crimes, his rehabilitation in prison since, and his many good works as a model prisoner—but also on the alleged unconstitutionality or unenforceability of his military plea agreement that he elsewhere describes as the "underpinning" of his compassionate-release request.[1] (ECF 44 at 6).

---

[1] It is questionable, though, whether the court can in this procedural posture consider petitioner's claim that his plea agreement is unconstitutional, which on its face attacks the underlying validity of his conviction and sentence. *See, e.g.*, *United States v. Lillard*, 2022 WL 2167795, at *1 (9th Cir. June 16, 2022) (holding that petitioner's motion for compassionate release was merely disguised "collateral challenge to his conviction and thus procedurally improper"). But even after filing a counseled reply to respondent's opposition—as well as two supplemental briefs the court requested to clarify if petitioner was seeking independent habeas relief under § 2241—he still has provided no straightforward answer (much less a developed argument) about whether he seeks a writ of habeas corpus on its own terms because he is "in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3). (*See* ECF

The First Step Act allows federal courts to later reduce a prisoner's sentence imposed in those courts if "extraordinary and compelling reasons warrant such a reduction," subject to consideration of certain sentencing factors outlined in 18 U.S.C. § 3553(a) and the relevant policy statements of the U.S. Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Bryant*, 144 F.4th 1119, 1123 (9th Cir. 2025). But § 3582 "does not apply to all prisoners" who happen to be housed in a federal civilian prison. *Davis v. United States*, 124 F.4th 980, 983 (5th Cir. 2025). "[M]ilitary law . . . is a jurisprudence which exists separate and apart from the law which governs in our federal judicial establishment." *Burns v. Wilson*, 346 U.S. 137, 140 (1953). As a result, the federal criminal code governing sentences for federal criminal defendants expressly *excludes* military prisoners convicted and sentenced under the UCMJ from the sentencing jurisdiction of federal civilian courts. *See* 18 U.S.C. § 3551(a).

As the text of § 3551(a) states in pertinent part, only criminal defendants found guilty of an offense described in a federal statute "other than" the UCMJ may be sentenced according to the provisions in the same chapter of Title 18 where § 3582 also resides. *Id.* While that UCMJ exclusion might not apply if "otherwise specifically provided" elsewhere in another statute, there is nothing in the text of § 3582 stating that its compassionate-release provision applies to military prisoners convicted

---

37, 44, 47). The only thing that appears to be clear is that petitioner wants to include as many professed "extraordinary and compelling" reasons as he can—including any alleged flaws or defects in his underlying military court-martial—to justify compassionate release in light of perceived favorable changes to § 3582 under the First Step Act. (*See* ECF 1, 8, 37, 44). So, for now, the court assumes that petitioner's seemingly indiscriminate challenge to his plea agreement can be considered among the discretionary factors for compassionate release. *Compare, e.g., Fernandez v. United States*, --- S. Ct. ----, 2025 WL 1496486 (U.S. May 27, 2025) (granting review of whether "extraordinary and compelling reasons" warranting discretionary sentence reduction under § 3582(c)(1)(A) can include reasons also alleged as grounds for sentencing relief under 28 U.S.C. § 2255).

under the UCMJ. *See* 18 U.S.C. §§ 3551(a), 3582. In other words, because "§ 3582 does not specifically provide that it is applicable to UCMJ defendants," § 3551(a) deprives federal courts of jurisdiction to grant compassionate release to convicted military inmates under the First Step Act. *Davis*, 124 F.4th at 983; *accord In re Brown*, 2024 WL 910329, at *6-7 (A.F. Ct. Crim. App. Feb. 29, 2024).

The lack of jurisdiction to grant compassionate release to military inmates under § 3582 is reinforced by the related requirement that compassionate-release motions be brought in the original sentencing court. *See e.g.*, *United States v. Raia*, 954 F.3d 594, 596 (3d Cir. 2020) ("Section 3582's text requires those motions to be addressed to the sentencing court, a point several Circuits have noted . . . ."); *Macias v. United States*, 2025 WL 1900706, at *1 (C.D. Cal. May 28, 2025 (collecting cases holding same). "General courts-martial are ad hoc proceedings which dissolve after the purpose for which they were convened has been resolved." *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004). Thus, "the evanescent nature of courts-martial, in contrast to the 'standing courts' of the federal district courts" also undermines any inference that Congress intended to extend the First Step Act to prisoners convicted under military law. *In re Brown*, 2024 WL 910329, at *7.

Contrary to petitioner's argument that 10 U.S.C. § 858(a) could be read to create jurisdiction to grant release under § 3582 (ECF 44 at 6), that provision of the UCMJ does no such thing. Section 858(a) of the UCMJ merely states that "a sentence of confinement adjudged by a court-martial . . . may be carried into execution by confinement in any place of confinement under the control of . . . any penal or correctional institution under the control of the United States." 10 U.S.C. § 858(a). And in permitting military prisoners to be housed in civilian prisons, the UCMJ

makes clear that such prisoners "are subject to the same discipline and treatment" as civilian defendants convicted of federal crimes and committed to federal custody. *Id.* But the condition that military prisoners be treated no differently—either better or worse—than civilian inmates in the same federal prison pertains only to the "execution" of their sentences. Otherwise, § 858 provides no basis to reduce the underlying sentences themselves, much less confers jurisdiction to grant compassionate release under § 3582. *Accord Davis*, 124 F.4th at 124. The cases petitioner cites do not suggest otherwise. (*See* ECF 44 at 6, 8).

For example, in the unpublished decision of *Hirsch v. Secretary of Army*, 172 F.3d 878 (10th Cir. 1999), the court reasoned that the civilian parole procedures at issue there—which afforded parole consideration only every two years—applied to a military prisoner housed in a civilian prison even though military parole procedures otherwise applicable to that prisoner, if housed in a military prison, permitted annual parole hearings. But that decision just exemplifies the equal treatment principle in § 858(a), even when that principle inures to the detriment of the military prisoner while housed in a civilian prison. And unlike petitioner here, the prisoner there was otherwise eligible for parole even under his UCMJ sentence.

In *Ruiz v. United States*, 2025 WL 973935 (E.D. Tex. Jan. 7, 2025), by contrast, the court held that a prisoner convicted by general court-martial was not entitled to accrue time credits according to the First Step Act's rules applicable to civilian inmates in the same Bureau of Prisons (BOP) facility because he remained in the *legal* custody of the military (which evidently had less favorable time-credit rules) even if otherwise in the BOP's *physical* custody. If anything, then, *Ruiz* only strengthens the conclusion that military law—not a civilian sentencing statute like § 3582—controls the underlying length of a military prisoner's confinement. *Cf.* 10 U.S.C. § 874

(determinations made in military proceedings, including sentences, are typically final and binding on all courts).

Finally, contrary to petitioner's apparent position that § 2241 can confer jurisdiction to consider his § 3582 motion (*see* ECF 44 at 5-6), the general federal habeas statute provides no such back door to circumvent the exclusion of UCMJ sentences under § 3551(a).  Section 2241 preserves the federal courts' traditional jurisdiction to grant an equitable writ of habeas corpus when any person—including a military prisoner—is held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Section 2241 may also be invoked generally in habeas proceedings by prisoners challenging "the post-conviction execution of a sentence" if granting the writ would lead to immediate or speedier release. *Pinson v. Carvajal,* 69 F.4th 1059, 1067 (9th Cir. 2023).  In other words, even for military prisoners, § 2241 can provide an equitable remedy for an invalid conviction and sentence (or an unlawful execution of such sentence), albeit on exceptionally narrow grounds.  *See Burns*, 346 U.S. at 139.

Even so, "although both a defendant-filed motion for sentence reduction [under § 3582] and a habeas petition may each result in an inmate's early release from custody, the two require different showings and carry different implications about the defendant's original conviction and sentence." *United States v. Roper*, 72 F.4th 1097, 1102 (9th Cir. 2023).  As amended by the First Step Act, § 3582 confers discretion on federal sentencing courts only to reduce the length of an otherwise valid sentence based on extraordinary and compelling reasons.  But in exercising such discretion on compassionate grounds, the courts do not—indeed, cannot—disturb the validity of the underlying conviction or the legality of the original sentence (even if arguments about such claims could serve as permissible grounds for compassionate release).  *See id*. at 1102-1103.  Because of this

distinction, federal "courts have no authority to reduce a federal inmate's sentence under 18 U.S.C. § 3582(c)(1)(A) pursuant to a federal habeas proceeding under 28 U.S.C. § 2241." *Bolden v. Ponce*, 2020 WL 2097751, at *3 (C.D. Cal. May 1, 2020) (quoting *Ray v. Finley*, 2019 WL 5569616, at *4 (M.D. Pa. Oct. 29, 2019)).

## III.
## CONCLUSION

For all these reasons, petitioner's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) is DISMISSED for lack of jurisdiction. Judgment will be entered accordingly dismissing this action without prejudice.[2]

IT IS SO ORDERED.

DATED: September 5, 2025

STEVE KIM
United States Magistrate Judge

---

[2] Nothing in this order is intended to suggest that a standalone § 2241 habeas petition would necessarily lead to petitioner's release from prison. Even if his current motion were construed as also independently seeking § 2241 relief, nothing petitioner has argued so far (as best the court can tell based on his counseled papers) suggests that he could secure release based on any claimed invalidity (constitutional or otherwise) of his military guilty plea or plea agreement. As applied to military convictions, federal habeas review is strictly limited to "whether the court-martial had jurisdiction of the person accused and the offense charged, and whether it acted within its lawful powers." *Broussard v. Patton*, 466 F.2d 816, 818 (9th Cir. 1972). The scope of that review thus may only "include an inquiry as to whether the military have given fair consideration to each of the petitioner's claims." *Sunday v. Madigan*, 301 F.2d 871, 873 (9th Cir. 1962). But petitioner has not shown that the military courts "manifestly refused to consider" his arguments about the validity of his plea agreement. *Burns*, 346 U.S. at 142. On the other hand, if petitioner seeks habeas relief for claims that have *not* been presented to the military courts, those claims could be summarily rejected as unexhausted and waived. *See Gusik v. Schilder*, 340 U.S. 128, 131-32 (1950); *Davis v. Marsh*, 876 F.2d 1446, 1448-49 (9th Cir. 1989); *Tillery v. Shartie*, 778 F. App'x 426, 428 (9th Cir. 2019); *see also Lips v. Commandant, Disciplinary Barracks*, 997 F.2d 808, 810 (10th Cir. 1993) (explaining rationale for strict application of waiver doctrine on collateral review of military court decisions).